**William F. ANGER, Appellant**

v.

**REVCO DRUG COMPANY, et al.**

**No. 85–6006.**

United States Court of Appeals, District of Columbia Circuit.

Argued Nov. 12, 1985.

Decided May 23, 1986.

As Amended May 23, 1986.

William F. Anger, pro se, on motion to proceed on appeal in forma pauperis.

Before ROBINSON, Chief Judge, WALD and GINSBURG, Circuit Judges.

Opinion PER CURIAM.

PER CURIAM:

The question presented in this appeal is whether a district court may *sua sponte* dismiss a case as frivolous under 28 U.S.C. § 1915(d) on the sole ground that the court appears to lack personal jurisdiction over the defendants. *Pro se* appellant William F. Anger filed suit in the district court against Revco Drug Company, two of its employees, a City Sessions Court judge, and a City Attorney General, all of whom the complaint alleges reside in Knoxville, Tennessee. Anger's suit seeks redress for various improprieties by the defendants allegedly resulting from the false arrest of the appellant for shoplifting. The district court granted Anger's request to proceed *in forma pauperis*, but simultaneously dismissed the complaint *sua sponte* before it was served on the defendants, endorsing

on the pleading "no personal jurisdiction against any of named defendants." The district court later revoked Anger's *in forma pauperis* status, stating that the "complaint was dismissed pursuant to 28 U.S.C. § 1915(d) as frivolous in that the Court has no personal jurisdiction over any of the named defendants, all of whom reside in Knoxville, Tennessee."

Congress enacted 28 U.S.C. § 1915(a), which permits the maintenance of an action by an indigent person without prepayment of costs, to guarantee that "no citizen shall be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, 'in any court of the United States' solely because his poverty makes it impossible for him to pay or secure the costs." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 342, 69 S.Ct. 85, 90, 93 L.Ed. 43 (1948). Concerned, however, with the increased burden on the courts which might result from the filing of *in forma pauperis* petitions, Congress included in section 1915 a "narrow exception," *see Brandon v. District of Columbia Board of Parole,* 734 F.2d 56, 59 (D.C.Cir.1984), *cert. denied,* — U.S. ——, 105 S.Ct. 811, 83 L.Ed.2d 804 (1985), permitting early dismissal of those claims which the court finds to be "frivolous or malicious." 28 U.S.C. § 1915(d) (1982).

We have several times observed that "[w]hen a viable complaint is filed *in forma pauperis,* the pauper must be treated like all other litigants in the decision to dismiss." *Brandon,* 734 F.2d at 58 (citing *McTeague v. Sosnowski,* 617 F.2d 1016, 1019 (3d Cir.1980)); *see also Sills v. Bureau of Prisons,* 761 F.2d 792, 794 (D.C. Cir.1985). So long as a complaint has at least an "arguable basis in law and fact," this Court has held that it cannot be dismissed as frivolous. *Brandon,* 734 F.2d at 59.[1]

■ The only stated basis for the district court's dismissal of Anger's complaint was lack of personal jurisdiction over the de-

---

1. Several other circuits have emphasized that to satisfy the section 1915(d) requirement of frivolousness, the district court must "find 'beyond doubt' and under any 'arguable' construction,

'both in law and in fact' of the substance of the plaintiff's claim that he would not be entitled to relief." *Boyce v. Alizaduh,* 595 F.2d 948, 952 (4th Cir.1979) (quoting *Conley v. Gibson,* 355

fendants. However, the Federal Rules of Civil Procedure indicate that personal jurisdiction is a matter to be raised by motion or responsive pleading, not by the court *sua sponte*. Fed.R.Civ.P. 12(b), (h)(1). Therefore, before the complaint has been served and a response received, the court is not positioned to determine conclusively whether personal jurisdiction exists. Accordingly, we hold that a *pro se* complaint may not be dismissed on its face under 28 U.S.C. § 1915(d) solely on the ground that the court lacks personal jurisdiction over the defendants.[2]

 This holding draws support from the Third Circuit's opinion in *Sinwell v. Shapp*, 536 F.2d 15 (3d Cir.1976), which reviewed the district court's denial of leave to proceed *in forma pauperis* solely on the ground of improper venue. The appellate court found venue proper. It added, however, that improper venue indicated on the face of the complaint was not sufficient cause to refuse to permit plaintiffs to proceed *in forma pauperis*. Improper venue, like lack of personal jurisdiction, is a threshold defense open to a party, but subject to foreclosure absent timely objection. Fed.R.Civ.P. 12(h)(1); 28 U.S.C. § 1406(b)

(1982).[3] The Third Circuit considered it "inappropriate for the trial court to dispose of the case *sua sponte* on an objection to the complaint which would be waived if not raised by the defendant(s) in a timely manner," 536 F.2d at 19, and noted that "[t]he fact that a layman may have laid venue improperly is, standing alone, not enough to sustain an inference that the underlying claim is either frivolous or malicious; therefore § 1915(d) itself is inapplicable." *Id.* at 19 n. 11.

In conclusion, while we state no opinion as to the merit of Anger's case,[4] we conclude that the district court's dismissal of the complaint on its face for lack of personal jurisdiction was improper. We therefore grant Anger leave to appeal *in forma pauperis*, vacate both the dismissal of his complaint and the revocation of his *in forma pauperis* status, and remand the case to the district court for further proceedings consistent with this opinion.

*It is so ordered.*

---

U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957)); *see also Franklin v. Murphy,* 745 F.2d 1221, 1227 (9th Cir.1984); *Watson v. Ault,* 525 F.2d 886, 892 (5th Cir.1976); *Wartman v. Branch 7,* 510 F.2d 130, 133 (7th Cir.1975).

**2.** We do not read our decision in *Martin-Trigona v. Smith,* 712 F.2d 1421, 1423–24 (D.C.Cir. 1983) (consolidated with *Martin-Trigona v. Shiff,* No. 82–1393 (D.C.Cir.)), as requiring a different result. Although the *Martin-Trigona* panel did affirm a dismissal on personal jurisdiction grounds of an *in forma pauperis* litigant's action against a nonresident defendant where the dismissal occurred before service of process, the appellant never contended that the requirement of Fed.R.Civ.P. 12 that personal jurisdiction be raised by motion or responsive pleading precluded summary dismissal prior to service of process. Instead, the appellant raised a number of frivolous arguments that the *Martin-Trigona* panel apparently concluded merited little discussion. *See, e.g.,* Brief for Appellant at 3, *Martin-Trigona v. Shiff,* No. 82–1392 (D.C.Cir.) (filed Jan. 25, 1983) (District Court acted unlawfully in dismissing action while plaintiff was in custody "on a void conviction"); Supplemental Memorandum of Law in Support of Motion to Vacate & Re-

mand, *Martin-Trigona v. Shiff,* No. 82–1393 (D.C.Cir.) (filed Sept. 16, 1982) at 3 (*sua sponte* dismissal improper as this was not a "pro se prisoner or habeas corpus case[ ]" but a "complex commercial lawsuit involving claims to assets in excess of $3 million").

**3.** Today we also remand *Mueller v. United States District Court for the Western District of Pennsylvania,* No. 85–6056, and *Smith v. Scordia,* No. 85–5843, wherein the complaints were similarly dismissed on the court's own initiative for lack of personal jurisdiction. In its Certification Revoking *In Forma Pauperis* Status in *Smith v. Scordia,* the district court noted that the action was dismissed pursuant to 28 U.S.C. § 1915(d) "as frivolous and for improper venue in that the court does not have personal jurisdiction over any of the named defendants all of whom are residents of Virginia." Improper venue is at least as unsatisfactory as lack of personal jurisdiction as a basis for 28 U.S.C. § 1915(d) dismissal on the face of the complaint.

**4.** Specifically, we do not rule on whether the underlying claims Anger attempts to state are either frivolous or malicious.