865 F.2d 1329
 275 U.S.App.D.C. 230
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
John REARDON, and for Judith A. Reardon and John J. Reardon, Appellant,
v.
Virginia REARDON, et al.
 No. 88-7083.
 United States Court of Appeals, District of Columbia Circuit.
 Dec. 30, 1988.
 
 Before WALD, Chief Judge, and HARRY T. EDWARDS and STEPHEN F. WILLIAMS, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on the record on appeal from an order of the United States District Court for the District of Columbia. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 14(c). For the reasons stated in the accompanying memorandum, it is
 
 
 2
 ORDERED and ADJUDGED that district court's order filed February 4, 1988, sua sponte dismissing appellant's complaint for lack of venue, be affirmed in part and vacated and remanded in part.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.
 
 MEMORANDUM
 
 4
 Pro se appellant John A. Reardon (Reardon)[1] appeals the district court's order dismissing sua sponte his complaint for lack of venue.
 
 
 5
 Reardon is a resident of the state of New Jersey as are all of the appellees. Reardon filed an exhaustive civil complaint in the district court seeking to obtain a temporary restraining order against three members of the New Jersey state judiciary and several private citizens. Appellant alleges numerous violations of his constitutional and federal statutory rights. After making a finding of improper venue, the district court sua sponte denied Reardon's motion for a temporary restraining order and dismissed the complaint.
 
 
 6
 In Anger v. Revco, 791 F.2d 956 (D.C.Cir.1986) (per curiam), this court held that a district court may not sua sponte dismiss a pro se complaint for lack of venue or personal jurisdiction. Only a party may raise these claims as affirmative defenses in responsive pleadings. Fed.R.Civ.P.Rule 12(b), (h)(1). Improper venue and lack of personal jurisdiction are "threshold defense[s]" which "absent timely objection" are deemed to be waived by party. Anger, 791 F.2d at 958. See 28 U.S.C. Sec. 1406(b); Fed.R.Civ.P.Rule 12(h)(1).
 
 
 7
 In Anger, the court reasoned that vacatur and remand was proper since due consideration must given to a litigant's pro se status. See Anger, 791 F.2d at 958. See also Haines v. Kerner, 404 U.S. 519 (1972). Moreover, the court noted, a defendant could fail to raise either defense. If the defense is not affirmatively pleaded, it is waived.
 
 
 8
 Clearly this court would prefer to have the venue issue aired before the district court. Anger, 791 F.2d at 958. Here, however, appellees Samuel D. Natal, John L. Miller and Albert J. Scarduzio have raised the venue issue on appeal. Therefore, it would serve no purpose to remand this portion of the case to the district court. The same is not true of the appellees who failed to file responsive pleadings before this court. Accordingly, we remand that portion of the case to the district court for further proceedings consistent with Anger.
 
 
 
 [1]
 Appellant also seeks to represent his minor children, Judith and John J. Reardon