905 F.2d 481
 284 U.S.App.D.C. 376
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Randy Miles JEFFRIES, a/k/a "Dano", Appellant.
 No. 89-3043.
 United States Court of Appeals, District of Columbia Circuit.
 June 21, 1990.
 
 Before MIKVA, BUCKLEY and D.H. GINSBURG, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on the record on appeal from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 14(c). It is:
 
 
 2
 ORDERED AND ADJUDGED that the district court's denial of Jeffries' "motion to reopen judgment," filed January 23, 1989, be affirmed for the reasons stated in the accompanying memorandum. It is
 
 
 3
 FURTHER ORDERED that appellant's letter to the Clerk, lodged March 26, 1990, be construed as a petition for writ of mandamus and be dismissed as moot.
 
 
 4
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.
 
 MEMORANDUM
 
 5
 Appellant Jeffries' "motion to reopen judgment" primarily challenges the United States Parole Commission's ("USPC") parole eligibility determination, and thus was in effect a petition for writ of habeas corpus. See Chatman-Bey v. Thornburgh, 864 F.2d 804, 810 (D.C.Cir.1988) (en banc). As such, it should have been filed in the Northern District of New York, Jeffries' place of incarceration at the time of the motion's filing. See id. at 813. Although we have cautioned against sua sponte dismissal under such circumstances, see Anger v. Revco Drug Co., 791 F.2d 956, 958 (D.C.Cir.1986), appellee has raised improper venue as a valid defense on appeal, making it unnecessary to remand on this basis.
 
 
 6
 This court could remand the case with instructions to transfer if such a transfer were "in the interests of justice." See 28 U.S.C. Sec. 1631; Chatman-Bey, 864 F.2d at 814; New Mexico Energy & Minerals Dep't v. U.S. Dep't of Interior, 820 F.2d 441, 444 (D.C.Cir.1987). Jeffries' claims, however, lack merit. Our review of the USPC's guidelines indicates that the agency did not abuse its discretion in deciding not to advance Jeffries' parole date based on his cooperation with law enforcement authorities. See U.S.Dep't of Justice, U.S. Parole Commission Rules and Procedures Manual Sec. 2.63 at 177-78 (July 1989); Robinson v. Hadden, 723 F.2d 59 (10th Cir.), cert. denied, 466 U.S. 906 (1984). Similarly, the lack of an enforceable agreement with the Federal Bureau of Investigation ("FBI") renders meritless Jeffries' allegations that the FBI failed to provide him with documentation of such cooperation. Because transfer would not be in the "interests of justice," we decline to order such action.
 
 
 7
 In his briefs, Jeffries makes various legal arguments not advanced before the district court. As these claims are made for the first time on appeal, they will not be considered. See Hormel v. Helvering, 312 U.S. 552, 557 (1941); Int'l Union of United Auto., Aerospace & Agric. Workers v. Brock, 783 F.2d 237, 251 (D.C.Cir.1986).