905 F.2d 481
 284 U.S.App.D.C. 376
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Morris J. WARREN, Appellant
v.
DIRECTOR, DISTRICT OF COLUMBIA DEPARTMENT OF CORRECTIONS, et al.
 No. 89-7047.
 United States Court of Appeals, District of Columbia Circuit.
 June 21, 1990.
 
 Before MIKVA, BUCKLEY and D.H. GINSBURG, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on the record on appeal from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 14(c). It is
 
 
 2
 ORDERED AND ADJUDGED that for the reasons stated in the accompanying memorandum, the district court's opinion, filed January 31, 1989, be affirmed in part and vacated and remanded in part.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.
 
 MEMORANDUM
 
 4
 Pro se appellant Morris Warren challenges the district court's dismissal of his complaint alleging that: (1) his Maryland trial was impermissibly delayed; (2) a series of pretrial transfers violated the Interstate Agreement on Detainers, P.L. 100-690, 102 Stat. 4403 (1988) ("IAD"); (3) his post-trial transfers violated Lorton's regulations and his due process rights; (4) prison officials prepared a fraudulent psychiatric report; and (5) prison officials arbitrarily classified him as a "special handling" prisoner requiring constant restraint.
 
 
 5
 We affirm the district court's dismissal of claims (1) and (5). The proper venue for Warren's habeas corpus allegations challenging his Maryland conviction on speedy trial grounds was Maryland rather than the District of Columbia. See Braden v. 30th Judicial Circuit Court of Ky., 410 U.S. 484, 493-94 (1972). Although we could transfer these allegations under 28 U.S.C. Sec. 1631, we decline to do so because it appears that Warren did not exhaust his state remedies. See 28 U.S.C. Sec. 2254(b) (1982); Duckworth v. Serrano, 454 U.S. 1, 4 (1981).
 
 
 6
 To the extent that Warren alleges that the length of his pretrial detention violated the IAD and 42 U.S.C. Sec. 1983, he does not allege that he complied with the formal notice and request requirements of Article III of the IAD. See Tinghitella v. California, 718 F.2d 308, 312 (9th Cir.1983). Similarly, Warren's challenge to his classification status as an inmate in need of "special handling" failed to state a valid claim. See Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir.1987). Therefore, the district court's dismissal of these claims was proper.
 
 
 7
 The dismissal of claims (2), (3) and (4), however, was in error. Warren's complaint appears to allege that he was tried in Maryland after having previously been transferred back to the District of Columbia, in violation of IAD Article IV. See United States v. Cyphers, 556 F.2d 630, 634-35 (2d Cir.), cert. denied, 431 U.S. 972 (1977). The district court dismissed this and the other two claims on statute of limitations grounds. Warren's continuous imprisonment, however, tolled that statute. See D.C.Code Sec. 12-302(a)(3); McClam v. Barry, 697 F.2d 366, 371 (D.C.Cir.1983), overruled on other grounds, 742 F.2d 1472 (D.C.Cir.1984) (en banc).
 
 
 8
 The claim preclusion principles invoked by the district court as an alternative basis for dismissing Warren's post-trial transfer allegations are similarly inapplicable. The record of Warren's D.C. Superior Court case indicates that Warren never litigated the legality of his attempted transfer to Lompoc, California. Furthermore, the state defendants named in Warren's complaint are not in privity with the federal defendants named in his habeas corpus petition challenging his transfer to Marion, Illinois, invalidating claim preclusion as a ground for dismissal of that claim. See Mervin v. FTC, 591 F.2d 821, 830 (D.C.Cir.1978) (claim preclusion based on privity between "officers of the same government"); Napier v. Thirty or More Unidentified Fed. Agents, 855 F.2d 1080, 1086 (3rd Cir.1988). Therefore, we remand these claims for further consideration.