**Jasper Napoleon BUCHANAN, Appellant**

v.

**Audrey MANLEY, Surgeon General, et al., Appellees**

No. 97–5363.

United States Court of Appeals, District of Columbia Circuit.

June 23, 1998.

Jasper Buchanan, pro se, filed a brief for appellant.

Before: WILLIAMS, SENTELLE and HENDERSON, Circuit Judges.

PER CURIAM:

Jasper Buchanan, proceeding without counsel, filed a complaint against the Surgeon General of the United States, the president of the American Medical Association ("AMA"), and the heads of two tobacco companies. Buchanan, who is incarcerated in South Carolina, alleged that the Surgeon General and the president of the AMA "deliberately neglected" their duties to protect him from health risks associated with the tobacco companies' products. He further alleged that the heads of the tobacco companies intentionally distributed their products without a warning notice regarding the health risks of smoking, and that he suffered injury as a result. Although his complaint does not describe the products at issue, on appeal he has provided exhibits showing the companies' packages for cigarette rolling papers and cigarette tobacco. Buchanan styled his complaint as one brought under the Federal Tort Claims Act but also claimed that his eighth amendment rights have been violated. He sought declaratory relief and damages.

After determining that there were no viable federal claims and dismissing the Surgeon General as a defendant, the district court concluded that the only proper basis for its jurisdiction would be pursuant to 28 U.S.C. § 1332, which provides for diversity jurisdiction in civil actions. The district court then determined that venue in the District of Columbia was improper and dismissed the complaint without prejudice. We publish this opinion to address the district court's *sua sponte* dismissal of the complaint on the ground of improper venue.[1]

In *Anger v. Revco Drug Co.*, 791 F.2d 956 (D.C.Cir.1986) (per curiam), we held that the district court may not *sua sponte* dismiss a case as frivolous under 28 U.S.C. § 1915(d)[2] on the sole ground that the court lacks personal jurisdiction over the defendants or that venue is improper. The court reasoned that "the Federal Rules of Civil Procedure indicate that personal jurisdiction is a matter to be raised by motion or responsive pleading, not by the court *sua sponte*. Therefore, before the complaint has been served and a response received, the court is not positioned to determine conclusively whether personal

---

1. The district court's rulings that Buchanan failed to state a federal claim against any of the defendants, and its dismissal of the Surgeon General as a defendant, do not warrant a published opinion and are affirmed by separate order.

2. Current version at 28 U.S.C. § 1915(e)(2)(B)(i).

jurisdiction exists." *Anger*, 791 F.2d at 958 & n. 3 (citing Fed.R.Civ.P. 12(b) and (h)(1), and extending their application to *sua sponte* dismissals for improper venue). The court also concurred in the Third Circuit's statement that it is "inappropriate for the trial court to dispose of the case *sua sponte* on an objection to the complaint which would be waived if not raised by the defendant(s) in a timely manner." *Id.* at 958 (quoting *Sinwell v. Shapp*, 536 F.2d 15, 19 (3d Cir.1976)).

▮ As *Anger* makes clear, the district court erred by *sua sponte* dismissing Buchanan's complaint. We conclude, however, that such procedural error is harmless in cases where, as here, the appellant has had an opportunity to challenge the district court's ruling on appeal but has failed to demonstrate that venue is proper. This conclusion is consistent with this court's longstanding practice of allowing such error to be cured on appeal. In the past, this court has affirmed a *sua sponte* dismissal on venue or personal jurisdiction grounds when it is clear that one or both of those defenses exists and no further factual development in the district court is necessary. The court has determined whether affirmance is warranted by issuing to appellees an order to show cause why the district court's dismissal order should not be vacated and the case remanded, and simultaneously inviting appellees to raise threshold defenses, including lack of personal jurisdiction and improper venue. We now adopt, with the approval of the full court, a modified procedure that eliminates the requirement of an order to show cause directed at appellees.[3] This approach differs from the court's current practice only in that appellees will no longer be required to enter an appearance and raise the venue and personal jurisdiction defenses in every case.

Although the defenses of improper venue and lack of personal jurisdiction are waived if not raised in a timely manner, *see* Fed. R.Civ.P. 12(h)(1), this does not automatically preclude an appellate court from affirming the *sua sponte* dismissal of a complaint under 28 U.S.C. § 1915(e) on the basis of those defenses without first requiring appellees to raise them. In cases where the complaint is dismissed before it is served, a defendant who never had notice of the suit cannot be said to have waived an affirmative defense. Moreover, the usual concern behind requiring defenses such as lack of personal jurisdiction over the defendant and improper venue to be raised early or waived—that is, the possible unfairness to a plaintiff of rejecting a suit "after considerable time and expense has been invested in it"—are not present when the case is dismissed at the outset. *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir.1995) (affirmative defense appearing on the face of the complaint may be a basis for *sua sponte* dismissal as frivolous prior to service of the complaint).

▮ One significant concern that does arise when the district court *sua sponte* dismisses a complaint on the basis of a venue or personal jurisdiction defense is that the plaintiff does not have an opportunity to raise arguments supporting venue or personal jurisdiction.[4] Accordingly, we will allow appellants to raise arguments supporting venue or personal jurisdiction, and even proffer evidence, for the first time on appeal. Often appellants will have addressed venue or personal jurisdiction in a motion or brief, but if not, the court will issue an order to show cause to appellants to allow them to demonstrate that venue is proper or that the court has personal jurisdiction over the defendants. Only if appellants can make the

---

**3.** Because this change in procedure has been considered and approved by the full court, it constitutes the law of the circuit. *See Irons v. Diamond*, 670 F.2d 265, 268 n. 11 (D.C.Cir. 1981).

**4.** Several circuits nevertheless have allowed the *sua sponte* dismissal of a complaint as frivolous based on an affirmative defense that appears on the face of the complaint. *See Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951, 956 (4th Cir.1995) (en banc) (statute of limitations),

*cert. denied*, 516 U.S. 1177, 116 S.Ct. 1273, 134 L.Ed.2d 219 (1996); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir.1995) (same); *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir.1994) (same); *Johnson v. Rodriguez*, 943 F.2d 104, 107 (1st Cir.1991) (same), *cert. denied*, 502 U.S. 1063, 112 S.Ct. 948, 117 L.Ed.2d 117 (1992); *Yellen v. Cooper*, 828 F.2d 1471, 1476 (10th Cir.1987) (waiver); *Sanders v. United States*, 760 F.2d 869, 871–72 (8th Cir.1985) (per curiam) (personal jurisdiction).

relevant showing will appellees be required to enter an appearance and respond to an order to show cause why the district court's dismissal order should not be vacated and the case remanded. This procedure gives appellants notice of affirmative defenses and an opportunity to be heard, allows appellees to avoid the burden of appearing in a case that appears clearly to have been brought in the wrong court, and prevents pointless remands where the district court's procedural error is harmless. *See* 28 U.S.C. § 2111 ("On the hearing of any appeal ... in any case, the court shall give judgment after an examination of the record without regard to error or defects which do not affect the substantial rights of the parties.").

■ In this case, Buchanan has addressed in his brief the district court's venue ruling, but has failed to demonstrate that venue here is proper. As noted above, we have by separate order affirmed the district court's dismissal of Buchanan's federal claims. Arguably, the complaint states a common law tort claim for failure to warn Buchanan of the health risks associated with the use of cigarette rolling paper and loose tobacco. The only possible basis for federal jurisdiction over this claim is the diversity statute. *See* 28 U.S.C. § 1332.[5] The venue provisions for diversity actions, however, are not met. Such actions may be brought in a judicial district where (1) any defendant resides, if all defendants reside in the same State, (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) where any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought. *See* 28 U.S.C. § 1391(a). The complaint gives addresses for the non-federal defendants in Illinois and Kentucky,

and Buchanan has not alleged that any of them resides in the District of Columbia. Moreover, no part of the events or omissions which gave rise to the claim are alleged to have occurred here. Nor has Buchanan shown that the action could not be brought in any other district. Accordingly, we affirm the district court's dismissal for improper venue.[6]

---

5. Although the complaint alleges more than $75,-000 as the amount in controversy and it appears that there may be complete diversity between Buchanan and the defendants, the allegations of the complaint are not detailed enough to determine with absolute certainty where each litigant resides. The court need not reach that issue, however, given our conclusion that venue is improper. *See In re Minister Papandreou,* 139 F.3d 247, 1998 WL 163561, *7 (D.C.Cir.1998) (court

may dismiss on non-merits grounds before finding subject matter jurisdiction).

6. The district court did not abuse its discretion in concluding that transfer would not be in the interest of justice. *See* 28 U.S.C. § 1406(a). Not only are there substantive problems with Buchanan's claims, but the sketchy allegations of the complaint make it difficult to determine where this case could properly be brought.