

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-22-2009

# David Henderson v. Kenneth Keisling

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-1247

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"David Henderson v. Kenneth Keisling" (2009). *2009 Decisions.* Paper 1154.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1154

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-179                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-1247
_____

DAVID HENDERSON,
                                                    Appellant

v.

KENNETH KEISLING;
NANCY HENDERSON

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 09-cv-00021)
District Judge:  Honorable Robert F.  Kelly

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and 3d Cir. I.O.P. 10.6.
May 7, 2009

Before:  McKEE, FISHER and CHAGARES, <u>Circuit</u> <u>Judges</u>

(Filed: June 22, 2009 )
_____

OPINION
_____

PER CURIAM

     David Henderson, a pro se litigant, appeals from an order by the District Court

dismissing his claim for improper venue.  For the following reasons, we will vacate the

order dismissing the action for improper venue and remand the matter for further proceedings consistent with this opinion.

As we write solely for the benefit of the parties, we will set forth briefly only those facts necessary to our analysis. In January 2009, Henderson filed a personal injury complaint in the Eastern District of Pennsylvania against his brother-in-law, Kenneth Keisling, and his sister-in-law, Nancy Henderson, seeking millions of dollars in damages. According to the complaint, defendant Henderson resides in Portland, Oregon, and Keisling resides in Tannersville, a town in Monroe County Pennsylvania. Federal jurisdiction is evidently based on the diversity of the parties.

The complaint alleges that from 1980 to the present, the defendants have been part of a conspiracy designed to keep Mr. Henderson from publicly sharing information he learned about a government conspiracy. Mr. Henderson pled no information regarding the defendants' roles in the conspiracy or the whereabouts of the alleged actions they took in furtherance of the conspiracy. Noting that neither defendant resides in the Eastern District of Pennsylvania, and the absence of any accusation that any activities in furtherance of the conspiracy occurred in the district, the District Court dismissed the case without prejudice pursuant to 28 U.S.C. § 1391(b). This appeal followed.

We have jurisdiction over the appeal under 28 U.S.C. § 1291. We may take summary action if Henderson's appeal presents no substantial question of law or fact. See 3d Cir. L.A.R. 27.4 and 3d Cir. I.O.P. 10.6.

2

As the District Court properly noted there are several defects with Hednerson's choice of venue. Under 28 U.S.C. § 1391(a)[1], civil actions wherein jurisdiction is founded solely on diversity of citizenship may:

> be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claims occurred, or a substantial part of the property that is subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

Applying this statute here, it is clear that the Eastern District of Pennsylvania is not a proper venue for Henderson's claim. One defendant resides in the Middle District of Pennsylvania and the other lives in Portland, Oregon. Furthermore, the plaintiff provided no information as to whether a substantial part of the events giving rise to the claim occurred in the Eastern District, the claim is not in rem, and there are other districts in which the action may be brought.

A district court's authority to dismiss a claim for improper venue is provided by 28 U.S.C. § 1406(a), which states:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

---

[1]The District Court dismissed the complaint pursuant to 28 U.S.C. § 1391(b), which mirrors § 1391(a), but applies to cases where jurisdiction is not founded solely on the diversity of the parties as is the case here. As the two sections are identical in substance, our analysis is unaltered.

However, it may only do so if the defendant objects to venue. 28 U.S.C. § 1406(b) ("Nothing in this chapter shall impair the jurisdiction of a district court of any matter involving a party who does not interpose timely and sufficient objection to the venue."). In Sinwell v. Shapp, 536 F.2d 15, 19 (3d Cir. 1976), we held "it is inappropriate for the trial court to dispose of the case sua sponte on an objection to the complaint which would be waived if not raised by the defendant(s) in a timely manner." Furthermore, we explained, "even where a defect in venue has been properly raised, a question remains whether the case should be dismissed or transferred to a district in which venue would be proper." Id. See also Anger v. Revco Drug Co., 791 F.2d 956, 958 (D.C. Cir. 1986) ("Improper venue, like lack of personal jurisdiction, is a threshold defense open to a party, but subject to foreclosure absent timely objection.").

Accordingly, we vacate the District Court's order and remand the matter to the District Court for further proceedings consistent with this opinion.