BLD-164                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1350
_____

TIM T. DAY,

Appellant

v.

CITY OF GALVESTON; SIMPSON GALLERIES;
GALVESTON POLICE DEPARTMENT
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 12-cv-00047)
District Judge:  Honorable Mitchell S. Goldberg
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 19, 2012
Before:  SCIRICA, SMITH AND CHAGARES, Circuit Judges

(Opinion filed: May 11, 2012)
_____

OPINION
_____

PER CURIAM

        Tim T. Day appeals pro se from the order of the District Court dismissing his

complaint sua sponte for improper venue.  Although the District Court acted prematurely

in taking that action sua sponte, we conclude that such error was harmless under the

1

circumstances presented here.  We will affirm on that basis.

I.

Day filed a motion for leave to proceed in forma pauperis ("IFP") along with a complaint against the City of Galveston, Texas, the Galveston Police Department, and a private company with an address in Houston, Texas.  Day alleges that defendants violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968.  His specific allegations are somewhat difficult to follow, but he appears to allege that defendants conspired to deprive him of the use of property and to cause him financial injury in order to prevent him from pursuing a Congressional campaign in Texas.  Among the predicate acts he alleges are the revocation of a certificate of occupancy for an office building and numerous false arrests.  He alleges that all of these acts occurred in Texas.[1]

By order entered January 11, 2012, the District Court granted Day's motion for leave to proceed IFP and sua sponte dismissed his complaint for improper venue under the venue statutes applicable to civil actions generally, see 28 U.S.C. § 1391(b), and to civil RICO actions in particular, see 18 U.S.C. § 1965(a).  Day appeals, and we have jurisdiction under 28 U.S.C. § 1291.  We notified Day that we would consider this appeal for summary action and permitted him to file a response, but he has not done so.

---

[1] Among other things, Day's form complaint contains a section asking "Where did the events giving rise to your claim(s) occur?"  Day answered:  "2411 B Strand Galveston, Galveston City Hall, Galveston Islands, TX[.]"  (Dist. Ct. Docket No. 3 at 3, ¶ III.A.)

2

## II.

District courts generally should not dismiss IFP complaints sua sponte for improper venue. As we explained:

> 28 U.S.C. § 1915 [the IFP statute] contains no express authorization for a dismissal for lack of venue. In the absence of any such statutory authority, it is inappropriate for the trial court to dispose of the case sua sponte on an objection to the complaint which would be waived if not raised by the defendant(s) in a timely manner. Furthermore, even where a defect in venue has been properly raised, a question remains whether the case should be dismissed or transferred to a district in which venue would be proper.

Sinwell v. Shapp, 536 F.2d 15, 19 (3d Cir. 1976) (footnotes omitted); see also Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 796 (2d Cir. 1999) ("A district court may not dismiss a case sua sponte for improper venue absent extraordinary circumstances."). In this case, the District Court raised the issue of venue sua sponte without giving Day an opportunity to respond (by amendment or otherwise) and without expressly considering whether the interests of justice weigh in favor of transferring the matter instead of dismissing it. See 28 U.S.C. § 1406(a). This was error.

Under the circumstances presented here, however, that error was harmless. See Buchanan v. Manley, 145 F.3d 386, 388 (D.C. Cir. 1998) (applying harmless error to improper sua sponte dismissal for lack of venue). We reach this conclusion for two reasons. First, Day's complaint makes it abundantly clear that there is no conceivable basis for venue in the Eastern District of Pennsylvania because none of the defendants is alleged to reside there and because his allegations are not related in any way to that District. See 28 U.S.C. § 1391(b); 18 U.S.C. § 1965(a). To the contrary, Day's few specific factual allegations concern the conduct of Texas residents and entities in Texas.

3

Day was on notice of the District Court's basis for dismissing his complaint when he appealed, but he has not filed anything challenging the District Court's conclusion that venue was improper or made any attempt to show otherwise. See Buchanan, 145 F.3d at 388 (holding that improper sua sponte dismissal for lack of venue was harmless error where "the appellant has had an opportunity to challenge the district court's ruling on appeal but has failed to demonstrate that venue is proper"). Thus, there is no basis to question the substance of the District Court's ruling.

Second, there also is no indication that transferring this matter instead of dismissing it might be in the interests of justice. Dismissal poses no apparent problem with the four-year civil RICO statute of limitations. See Rogers v. McDorman, 521 F.3d 381, 387 & n.23 (5th Cir. 2008) (citing Agency Holding Corp. v. Malley-Duff & Assocs., Inc., 483 U.S. 143 (1987)); Cetel v. Kirwan Fin. Grp., Inc., 460 F.3d 494, 510 n.11 (3d Cir. 2006) (same). Day alleges that defendants' conduct occurred between August 2010 and December 2011. Thus, he will have ample time to refile his claims in a proper venue. And requiring him to do so will not subject him to a second filing fee because the District Court granted him leave to proceed IFP and did not assess one.

For these reasons, we will affirm the judgment of the District Court.

4