**Candis O. RAY, Appellant**

v.

**Jack H. OLENDER, Appellee.**

**No. 13–7191.**

United States Court of Appeals, District of Columbia Circuit.

March 7, 2014.

Candis O. Ray, Hickory, NC, pro se.

BEFORE: TATEL, BROWN, and PILLARD, Circuit Judges.

## JUDGMENT

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by appellant. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's order filed November 21, 2013, be affirmed. It is not necessary to decide whether the district court erred in sua sponte dismissing appellant's claims, because any error would be harmless now that appellant has had the opportunity to contest the dismissal order. *Cf. Buchanan v. Manley*, 145 F.3d 386 (D.C.Cir.1998) (holding that district court's sua sponte

dismissal on venue grounds was improper but that error was harmless because plaintiff failed to demonstrate on appeal that venue was proper). As the district court correctly concluded, appellant's claims are time-barred under the District of Columbia's one-year statute of limitations for libel and defamation claims. *See* D.C.Code § 12–301(4); *Fitzgerald v. Seamans,* 553 F.2d 220, 227 (D.C.Cir.1977) (stating that "the statute of limitations generally starts running with the publication" of the defamatory statements). In addition, appellant's claims are barred by the absolute privilege recognized in the District of Columbia for statements made in the course of a judicial proceeding. *See Oparaugo v. Watts,* 884 A.2d 63, 79 (D.C.2005) (stating that in the District of Columbia, "an attorney has an absolute privilege to publish defamatory matter concerning another in communications" related to judicial proceedings) (internal quotation omitted). Finally, appellant provides no basis for questioning the district court's impartiality. *See Liteky v. United States,* 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.").

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.