**CLD-254**                                                       **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1021
_____

LYDA ELIZABETH GREENE,
Appellant

v.

HORRY COUNTY, SC, USA; HORRY COUNTY LIBRARY, SC, USA; HORRY
COUNTY FIRE RESCUE, SC, USA; et al., some are out of S.C./off
mainland/questionable citizenship

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-15-cv-06238)
District Judge:  Honorable Timothy J. Savage

_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect and
Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 12, 2016

Before:  FISHER, JORDAN and VANASKIE, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 25, 2016)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pro se appellant Lyda Greene appeals the District Court's orders dismissing her complaint for improper venue and denying her motions to compel the production of documents. For the reasons set forth below, we will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

Greene filed a complaint in the District Court in November 2015. She raised a variety of negligence claims against Horry County, South Carolina; the Horry County Public Library; and the Horry County Fire Department. She alleged that she had tripped and fallen in the library, suffered serious injuries (including a traumatic brain injury), received substandard emergency care, and then been abandoned in a "project apartment" before she had recovered. The District Court granted Greene's request to proceed in forma pauperis, but dismissed the matter sua sponte for improper venue. After the complaint had been dismissed, Greene filed two motions to compel the production of various documents. The District Court denied those motions. Greene then filed a notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291.[1] We exercise plenary review over the District Court's dismissal order, see Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir.

---

[1] Although Greene's notice of appeal was filed more than 30 days after the District Court's dismissal order, her appeal is nevertheless timely because the Court's order explains in full its reasons for dismissing her complaint, and is thus not a separate judgment under Rule 58(a) of the Federal Rules of Civil Procedure. Accordingly, the judgment is deemed "entered," for purposes of Federal Rule of Appellate Procedure 4(a) on the date when "150 days have run from entry of the order in the civil docket." Fed. R. App. P. 4(a)(7)(A)(ii). Greene's appeal was filed within that 150-day period, and we can

2000), and review its order denying Greene's motions to compel for abuse of discretion, see Anderson v. Wachovia Mortg. Corp., 621 F.3d 261, 281 (3d Cir. 2010).

District courts generally should not dismiss in forma pauperis complaints sua sponte for improper venue. See Sinwell v. Shapp, 536 F.2d 15, 19 (3d Cir. 1976) (stressing that "28 U.S.C. § 1915 contains no express authorization for a dismissal for lack of venue."); see also Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 796 (2d Cir. 1999). Here, we assume that the District Court erred in dismissing Greene's complaint without giving her the opportunity to respond or expressly considering whether the interests of justice justified transferring the action rather than dismissing it. See 28 U.S.C. § 1406(a).

Nevertheless, any error was harmless. See Buchanan v. Manley, 145 F.3d 386, 388 (D.C. Cir. 1998) (applying harmless error to improper sua sponte dismissal for lack of venue). It is apparent from Greene's complaint that there is no conceivable basis for venue in the Eastern District of Pennsylvania because none of the defendants is alleged to reside there and because her allegations are not related in any way to that District. See 28 U.S.C. § 1391(b). To the contrary, Greene's factual allegations concern the in-state conduct of South Carolina entities. Moreover, while Greene has had the opportunity to challenge the District Court's ruling on appeal, none of her appellate filings cast any doubt on the Court's venue determination. See Buchanan, 145 F.3d at 388.

therefore entertain it. See LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n, 503 F.3d 217, 224 n.5 (3d Cir. 2007).

Moreover, we are satisfied that the interests of justice did not require the District Court to transfer the action rather than dismiss it. After the District Court dismissed the complaint, Greene had ample time to refile in South Carolina within that state's three-year statute of limitations. See S.C. Code Ann. § 15-3-530(5); see generally Guenther v. Holt, 173 F.3d 1328, 1331 (11th Cir. 1999). Moreover, requiring her to refile will not subject her to a second filing fee because the District Court granted her motion to proceed in forma pauperis. Accordingly, we will affirm the District Court's order dismissing Greene's complaint.

We discern no error in the District Court's order denying Greene's motions to compel. "[D]istrict courts have broad discretion to manage discovery," Sempier v. Johnson & Higgins, 45 F.3d 724, 734 (3d Cir. 1995), and the Court will not disturb a discovery ruling "absent a showing of actual and substantial prejudice," Anderson, 621 F.3d 261, 281 (3d Cir. 2010). Having dismissed the complaint for improper venue, the District Court did not abuse its discretion in denying Greene's motions to compel.

Accordingly, we will summarily affirm the District Court's judgment.