CLD-010                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2720
_____

DR. HIL RIZVI,
                                        Appellant

v.

MARYLAND DEPARTMENT OF SOCIAL SERVICES;
MASSACHUSETTS DEPARTMENT OF CHILDREN AND
FAMILIES; KINDES-UND ERWACHSENENSCHUTSBEHORDE
ST. GALLEN SWITZERLAND, ("KESB");
BUNDESAMT FUR JUSTIZ SWITZERLAND, (BfD)
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 3-19-cv-00079)
District Judge: Honorable Kim R. Gibson
_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 10, 2019
Before: JORDAN, KRAUSE, and MATEY, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 16, 2019)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Dr. Hil Rizvi appeals from the order of the District Court dismissing his complaint without prejudice for failure to pay the filing fee. We will affirm.

I.

Rizvi submitted a complaint pro se to the District Court along with an application for leave to proceed in forma pauperis ("IFP"). He also submitted a motion for a temporary restraining order ("TRO"). His motion and his complaint sought, inter alia, temporary custody over one of his minor daughters. Rizvi alleged that a court in Massachusetts awarded custody over that daughter to his estranged wife, who flew the daughter to the wife's native Switzerland and committed her to a psychiatric hospital. Rizvi further alleged that, in his medical opinion, the commitment was unnecessary and harmful. Among the other relief that Rizvi sought was an order directing Swiss agencies to remove his daughter from that facility and place her in a "neutral environment" pending resolution of his complaint.

A Magistrate Judge issued a combined order and recommendation pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B), respectively. In his order, the Magistrate Judge denied Rizvi's IFP application for failure to show indigence. In his recommendation, the Magistrate Judge recommended dismissing Rizvi's complaint for failure to prosecute if he did not pay the filing fee within 14 days. The Magistrate Judge advised Rizvi that he could appeal the IFP denial to the District Court and could object to the recommendation

2

to dismiss for any failure to pay the fee. (The Magistrate Judge also recommended dismissing Rizvi's complaint for lack of jurisdiction if he did pay the fee and purported to deny his motion for a TRO.)

Rizvi filed objections to the Magistrate Judge's order. Rizvi did not challenge, or even mention, the Magistrate Judge's denial of his IFP application or the Magistrate Judge's recommendation to dismiss his complaint if he did not pay the fee. Instead, Rizvi challenged only the Magistrate Judge's denial of his motion for a TRO and argued that a TRO was warranted on the merits. Rizvi also did not pay the fee within the 14-day period suggested by the Magistrate Judge or otherwise.

After 24 days passed with no payment of the fee, the District Court adopted the Magistrate Judge's primary recommendation and dismissed Rizvi's complaint without prejudice for failure to prosecute because he did not pay the fee. Rizvi appeals and has paid the $505 filing and docketing fees for this appeal. He also has filed a motion for an injunction pending appeal, in which he seeks essentially the same relief as he sought before the District Court.

## II.

We have jurisdiction under 28 U.S.C. § 1291 because, even though the District Court dismissed Rizvi's complaint without prejudice, it did so without leave to cure the defect and directed its Clerk to close the case. See Wynder v. McMahon, 360 F.3d 73, 76 (2d Cir. 2004). We review the District Court's dismissal for failure to prosecute only for

3

abuse of discretion, see Briscoe v. Klaus, 538 F.3d 252, 257 (3d Cir. 2008),[1] and we perceive none because Rizvi failed to pay the fee required to institute his civil action.

To begin with, Rizvi has waived the ability to challenge the Magistrate Judge's underlying order denying his IFP motion because he failed to challenge or even mention that order before the District Court despite the Magistrate Judge's express advice that he should do so if he disagreed. See United Steelworkers of Am. v. N.J. Zinc. Co., 828 F.2d 1001, 1006-08 (3d Cir. 1987); cf. Jones v. Zimmerman, 752 F.2d 76, 77-78 (3d Cir. 1985) (reviewing Magistrate Judge's IFP denial along with District Court's dismissal for failure to pay the fee where appellant objected to the IFP denial before the District Court). Even if we were to review that ruling, we would agree that Rizvi's IFP application did not show indigence.[2]

Rizvi—who, as noted, paid the fees for this appeal—does not directly argue otherwise. Instead, he asserts without elaboration that we should either "uphold" his IFP

---

[1] In Briscoe, we applied our longstanding rule that District Courts generally must consider various factors before dismissing a complaint under Fed. R. Civ. P. 41(b) with prejudice. We do not appear to have applied that rule to dismissal without prejudice like the one at issue here. The District Court's dismissal may have effectively been a dismissal with prejudice if the statute of limitations on any of Rizvi's claims expired while his civil action was pending, but he has not argued that any has.

[2] In his application, Rizvi reported earning $30,000 in wages but did not specify for what period of time. Rizvi's application was otherwise materially incomplete. For example, Rizvi reported "other income" from a "new business" but did not specify what that income was. He also did not complete the section asking him about his other assets, and he did not give any dollar amounts for his claimed expenses.

application or rule that the District Court did not give him enough time to pay the fee. Rizvi, however, did not ask the District Court for more time to pay the fee after the Magistrate Judge denied his IFP application. To the contrary, he did not even mention that issue. We cannot say that the District Court abused its discretion in dismissing Rizvi's complaint under these circumstances.

III.

For these reasons, we will affirm the judgment of the District Court. The District Court's ruling, and ours, are without prejudice to Rizvi's ability to file a complaint with payment of the District Court's filing fee or, if Rizvi believes that he is indigent at the time of any such filing, a complete and updated IFP application. In light of our ruling, we do not reach the merits of Rizvi's claims.[3] Rizvi's motion for an injunction pending appeal is denied.

---

[3] The Magistrate Judge recommended that, if Rizvi paid the fee, the District Court dismiss his complaint for numerous reasons, including lack of personal jurisdiction over certain entities based in Massachusetts and Maryland. We note that it generally is not appropriate for District Courts to sua sponte dismiss complaints for lack of personal jurisdiction. See Anger v. Revco Drug Co., 791 F.2d 956, 957-58 (D.C. Cir. 1986) (per curiam); Zelson v. Thomforde, 412 F.2d 56, 58 (3d Cir. 1969) (per curiam). We further note that the Magistrate Judge likely should have made a recommendation on Rizvi's motion for a TRO instead of purporting to rule on it. See 28 U.S.C. § 636(b)(1)(A). Those points aside, however, we express no opinion on the numerous other reasons that the Magistrate Judge gave for recommending dismissal and denying Rizvi's motion for a TRO. We note only that Rizvi should bear those reasons in mind in deciding whether to file another complaint.