# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 22-7172**                                          **September Term, 2023**

**1:22-cv-03433-DLF**

**Filed On:** October 12, 2023

Wells Fargo Bank, N.A., as Trustee for
Option OneMortgage Loan Trust 2005-2,
Asset-Backed Certificates, Series 2005-2,

      Appellee

   v.

Janice Wolk Grenadier,

      Appellant

### ON APPEAL FROM THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

**BEFORE:**    Wilkins, Katsas, and Walker, Circuit Judges

### J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by appellant. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's November 17, 2022 order remanding the case to state court be reversed and the case be remanded for further proceedings. Because the district court's remand order was not "based on a timely raised defect in removal procedure or on a lack of subject matter jurisdiction," this court has jurisdiction to review the remand order. See Things Remembered, Inc. v. Petrarca, 516 U.S. 124, 127–28 (1995); see also 28 U.S.C. § 1447(c)–(d). For essentially the same reason, we conclude that the district court's remand order was premature. The district court did not conclude that it lacked subject-matter jurisdiction over the case, and its remand order was issued sua sponte rather than in response to a timely motion asserting a procedural defect in removal. And we cannot determine based on the limited record whether that error was harmless. Cf. Buchanan v. Manley, 145 F.3d 386, 388–89 (D.C. Cir. 1998) (per curiam). We express no opinion on venue, timeliness, or any other arguments that appellee might raise on remand. We likewise express no opinion on whether transfer, rather than remand, of the case is available or warranted under the circumstances.

**No. 22-7172**                                              **September Term, 2023**

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**