Tony WALKER, Plaintiff–Appellant,

v.

Tommy G. THOMPSON, et al., Defendants–Appellees.

No. 01–2361.

United States Court of Appeals, Seventh Circuit.

Submitted March 26, 2002.

Decided May 1, 2002.

Tony Walker (submitted), Green Bay, WI, Pro se.

Before POSNER, EASTERBROOK, and RIPPLE, Circuit Judges.

POSNER, Circuit Judge.

This is a suit under 42 U.S.C. § 1983 by a Wisconsin state prisoner against prison officials and a former governor of the state, charging a variety of violations of the plaintiff's federal rights, only three of which need detain us: that the defendants conspired to keep him and other prisoners in prison beyond their mandatory release date; that the defendant prison officials retaliated against him for using the law library; and that they also retaliated against him for filing grievances complaining about prison conditions.

■ The district judge dismissed the suit for failure to state a claim. She based dismissal of the first of the plaintiff's charges on alternative grounds: that the complaint failed to allege an overt act, and that a federal suit complaining of the duration of a prisoner's confinement must be brought under the habeas corpus statute. The second ground is of course solid, but the first is not. As the Supreme Court has recently reaffirmed, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 122 S.Ct. 992, 995, 152 L.Ed.2d 1 (2002), and we have held time and again, most recently in *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir.2002), and *Beanstalk Group, Inc. v. AM General Corp.*, 283 F.3d 856, 863 (7th Cir.2002), there is no requirement in federal suits of pleading the facts or the elements of a claim, with the exceptions (inapplicable to this case) listed in Rule 9. Hence it is enough in pleading a conspiracy merely to indicate the parties, general purpose, and approximate date, so that the defendant has notice of what he is charged with.

We did hold in *Ryan v. Mary Immaculate Queen Center*, 188 F.3d 857, 859–60 (7th Cir.1999), that the complaint in that case had failed to allege a critical term of the conspiracy charged there, but the case was unusual. Alleged in that case, so far as it relates to this case, was a conspiracy by a sheriff and three of his deputies to violate the plaintiff's Fourth Amendment rights by conducting an unreasonable search of his premises. One of the deputies had not participated in the search, and the complaint did not so much as hint at what role he might have played or agreed to play in relation to the search. To put this differently, there was no indication of the nature of his agreement with the other

defendants. As to him, there was only a bare allegation of conspiracy—not enough to enable him to prepare his defense or for the district court to determine whether the claim was within the ballpark of possibly valid conspiracy claims, the two functions that *Ryan* assigns to notice pleading under the federal civil rules.

Nothing in the reasoning or result in *Ryan* compels a conclusion that the plaintiff in a conspiracy case must plead the overt act that is required—because without an overt act there is no injury from a conspiracy and hence no tort, *Beck v. Prupis*, 529 U.S. 494, 501–05, 120 S.Ct. 1608, 146 L.Ed.2d 561 (2000); *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir.1988); *In re Orthopedic Bone Screw Products Liability Litigation*, 193 F.3d 781, 789 (3d Cir.1999), "the function of [civil] conspiracy doctrine [being] merely to yoke particular individuals to the specific torts charged in the complaint," *Jones v. City of Chicago, supra*, 856 F.2d at 992— to make a conspiracy civilly actionable. *Richardson v. City of Indianapolis*, 658 F.2d 494, 500 (7th Cir.1981); *Second Amendment Foundation v. United States Conference of Mayors*, 274 F.3d 521, 524 (D.C.Cir.2001); *In re Temporomandibular Joint (TMJ) Implants Products Liability Litigation*, 113 F.3d 1484, 1498 (8th Cir. 1997); *Restatement (Second) of Torts*, § 876(a) and comment b. Cases such as *Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir.1999); *Dwares v. City of New York*, 985 F.2d 94, 99–100 (2d Cir.1993); *Polur v. Raffe*, 912 F.2d 52, 56 (2d Cir. 1990), and *Zemsky v. City of New York*, 821 F.2d 148, 151 (2d Cir.1987) (and our own *Kunik v. Racine County*, 946 F.2d 1574, 1580 (7th Cir.1991), and *Dieu v. Norton*, 411 F.2d 761, 763 (7th Cir.1969)), which say that "conclusory allegations" of conspiracy, or allegations that fail to mention an overt act, are not enough to withstand a motion to dismiss cannot be squared with either *Swierkiewicz* or our

recent decisions; we note that in *Swierkiewicz* the Supreme Court was reversing the Second Circuit—the author of the principal cases that require allegation of the overt act.

Of course, if it became apparent in the course of the litigation that there was no overt act, the plaintiff's suit would have to be dismissed; but a failure of proof is not a failure to state a claim. The plaintiff attached to his brief in this court a document claiming that there was indeed an overt act, namely a refusal to release him when his prison term expired. The document had not been submitted to the district court, but that is of no moment, in view of another rule repeatedly reaffirmed by this court—that an appellant complaining about the dismissal of his suit for failure to state a claim may hypothesize any set of facts consistent with the complaint that shows that the complaint states a claim. *American Inter–Fidelity Exchange v. American Re–Insurance Co.*, 17 F.3d 1018, 1021–22 (7th Cir.1994); *Orthmann v. Apple River Campground, Inc.*, 757 F.2d 909, 914–15 (7th Cir.1985); *Orion Tire Corp. v. Goodyear Tire & Rubber Co.*, 268 F.3d 1133, 1137–38 (9th Cir.2001); cf. *Swin Resource Systems, Inc. v. Lycoming County*, 883 F.2d 245, 247 (3d Cir.1989).

Regarding the claim that the defendants retaliated against the plaintiff for using the law library by refusing to let him exercise outside his cell, the district judge interpreted the plaintiff to be complaining merely about being forced to choose between use of the library and exercise. Anyone who has alternative uses for the same block of time is "forced" to choose between them. But the complaint alleges more—that the plaintiff was denied out-of-cell exercise *because* he had exercised his constitutional right to seek access to the courts, and while this could just mean that he forewent exercise because he wanted to

allocate more time to the library, he could be charging that the defendants took away from him time that he could otherwise have spent exercising *without* giving up library time. We might nevertheless have affirmed the dismissal of this charge under a line of cases that required a plaintiff to allege "a chronology of events from which retaliation may plausibly be inferred," *Zimmerman v. Tribble,* 226 F.3d 568, 573 (7th Cir.2000); *DeWalt v. Carter,* 224 F.3d 607, 618 (7th Cir.2000); *Black v. Lane,* 22 F.3d 1395, 1399 (7th Cir.1994), but that would again raise the specter of fact pleading now firmly interred by our recent decision in *Higgs v. Carver, supra,* at *439. After *Higgs,* there is no such pleading requirement.

■ The district judge also had alternative grounds for dismissing the plaintiff's claim of retaliation for filing grievances about prison conditions: failure to exhaust administrative remedies within the deadline provided by state law; and, again, failure to state a claim. The difference in grounds is potentially consequential. Dismissal for failure to exhaust is without prejudice and so does not bar the reinstatement of the suit unless it is too late to exhaust, *Pozo v. McCaughtry,* 286 F.3d 1022 (7th Cir.2002); *McCoy v. Gilbert,* 270 F.3d 503, 508 (7th Cir.2001); *Marsh v. Jones,* 53 F.3d 707, 710 (5th Cir.1995); see also *Harper v. Jenkin,* 179 F.3d 1311 (11th Cir.1999) (per curiam); cf. *O'Sullivan v. Boerckel,* 526 U.S. 838, 848, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999), as otherwise "a prisoner could evade the exhaustion requirement by filing no administrative grievance or by intentionally filing an untimely one." *Marsh v. Jones, supra,* 53 F.3d at 710; see, e.g., *White v. McGinnis,* 131 F.3d 593 (6th Cir.1997) (per curiam). In contrast, dismissal of a suit for failure to state a claim is always with prejudice and so always precludes reinstatement.

■ The judge's basis for holding that the plaintiff had failed to state a claim was, this time, not a defect in pleading, but that the plaintiff had failed to file his grievances on the forms provided for that purpose by the prison. But it is one thing to refuse to accept an improperly filed grievance and another to retaliate against the grievant (by, he alleges, instituting disciplinary proceedings against him). If the grievance is constitutionally protected speech, which on this record we must assume the plaintiff's grievances were (they might be protected by the speech or petition clauses of the First Amendment, *Bradley v. Hall,* 64 F.3d 1276, 1279 (9th Cir.1995); *Wildberger v. Bracknell,* 869 F.2d 1467, 1468 (11th Cir.1989) (per curiam); see also *Babcock v. White,* 102 F.3d 267, 274–75 (7th Cir.1996), and by the right of access to the courts, *DeWalt v. Carter, supra,* 224 F.3d at 618; *Bradley v. Hall, supra,* 64 F.3d at 1279; *Valandingham v. Bojorquez,* 866 F.2d 1135, 1138 (9th Cir. 1989), as well), then retaliation for the submission of them was unconstitutional.

■ With regard to the alternative ground, the judge said that the plaintiff had failed to file a timely grievance. She may have been correct, but the record is hopelessly unclear on whether he did fail to file a timely grievance and, if so, whether any administrative remedy nevertheless remained open to him. Failure to exhaust administrative remedies is an affirmative defense, *Massey v. Helman,* 196 F.3d 727, 735 (7th Cir.1999), which the defendants, not having filed an answer, have not even pleaded. It is true that when the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing the suit. E.g., *Brownlee v. Conine,* 957 F.2d 353, 354 (7th Cir.1992); *Pino v. Ryan,* 49 F.3d 51 (2d Cir.1995),

and cases cited there; *Nasim v. Warden,* 64 F.3d 951, 955–56 (4th Cir.1995) (en banc); *Moore v. McDonald,* 30 F.3d 616, 620 (5th Cir.1994); *Johnson v. Rodriguez,* 943 F.2d 104, 107–08 (1st Cir.1991); *Yellen v. Cooper,* 828 F.2d 1471, 1476 (10th Cir. 1987); *Pierce v. County of Oakland,* 652 F.2d 671 (6th Cir.1981) (per curiam). And so although immunity is an affirmative defense, 28 U.S.C. § 1915(e)(2)(B)(iii) directs the district court to dismiss a prisoner's pro se suit "at any time" if the defendant is immune. The principle is not limited to prisoner pro se cases. It is a general principle of federal civil procedure. See *Kratville v. Runyon,* 90 F.3d 195, 198 (7th Cir.1996); *Doe v. Pfrommer,* 148 F.3d 73, 80 (2d Cir.1998); *In re Medomak Canning,* 922 F.2d 895, 904 (1st Cir.1990); *Costlow v. Weeks,* 790 F.2d 1486 (9th Cir. 1986). Appropriate caution in its exercise is assured by the requirement that the validity of the defense be both apparent from the complaint itself, *Haskell v. Washington Township,* 864 F.2d 1266, 1273 n. 3 (6th Cir.1988), and unmistakable, so that the suit is fairly describable as frivolous. Thus a personal-injury suit filed 100 years after the date of the injury as stated in the complaint would be frivolous, even though expiration of the time within which to sue is an affirmative defense. That the defendant might through inadvertence fail to plead the bar of the statute of limitations would not make the case any the less frivolous; no doubt some frivolous suits go through to judgment because of the incompetence of the defendant or his lawyer. Occasionally the court may make a mistake when all it has before it is the complaint, but, if so, the mistake can be corrected on appeal. *Buchanan v. Manley,*

145 F.3d 386, 387–88 (D.C.Cir.1998) (per curiam).

In this case, however, unaided by an answer, the judge when she ruled did not have enough information to enable her to determine whether the plaintiff had exhausted his administrative remedies.

The judgment of the district court is affirmed in part and reversed in part and the case remanded for further proceedings consistent with this opinion.

RIPPLE, Circuit Judge, concurring.

I am in complete agreement with my colleagues that there are no special pleading requirements for civil rights matters. The Supreme Court made that proposition clear in *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* 507 U.S. 163, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993), and again recently in *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 122 S.Ct. 992, 998, 152 L.Ed.2d 1 (2002) (noting this general rule in a discussion concerning pleading requirements under Title VII). These cases have worked a sea change in our circuit's earlier jurisprudence. *Cf. Patton v. Przybylski,* 822 F.2d 697 (7th Cir.1987).

As my colleagues note, to satisfy the mandate of Federal Rule of Civil Procedure 8(a)(2), a pleading merely must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Except in a limited set of cases,[1] this notice pleading regime eschews any requirement that "a claimant [ ] set out in detail the facts upon which he bases his claim." *Leatherman,* 507 U.S. at 168, 113 S.Ct. 1160 (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct.

---

1. Rule 9(b) enumerates these exceptions. See *Swierkiewicz,* 122 S.Ct. at 998; *Leatherman,* 507 U.S. at 168, 113 S.Ct. 1160. In particular, a party must plead with particularity the facts constituting fraud or mistake. *See* Fed. R.Civ.P. 9(b). The Supreme Court has ex-

pressed reluctance to expand the particularity requirement beyond those cases enumerated in Rule 9(b). *See Leatherman,* 507 U.S. at 168, 113 S.Ct. 1160 (noting the maxim *expressio unius est exclusio alterius*).

99, 2 L.Ed.2d 80 (1957)). Indeed, a complaint need not reference every element of a legal theory to satisfy Rule 8(a)(2)'s requirements. *See Scott v. City of Chicago,* 195 F.3d 950, 951 (7th Cir.1999). To the contrary, through his pleading, a party simply must provide the "defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Leatherman,* 507 U.S. at 168, 113 S.Ct. 1160 (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). Accordingly, so long as the pleading contains facts sufficient to permit the district court and defendant "to understand the gravamen of the plaintiff's complaint," *Scott,* 195 F.3d at 951, it satisfies notice pleading requirements.[2]

In the wake of *Swierkiewicz,* this court has emphasized that there are no special pleading requirements in prisoners' civil rights cases. *See Higgs v. Carver,* 286 F.3d 437 at 439 (7th Cir.2002). In *Higgs,* the district court dismissed a prisoner's claims of retaliation because the complaint failed to allege a chronology of events from which retaliation could be inferred. This court reversed, noting that "[a]ll that need be specified is the bare minimum facts necessary to put the defendant on notice of the claim so he can file an answer." *Id.* The plaintiff had not asserted a bald claim of retaliation, failing to identify the suit and act comprising the retaliatory activity. *See id.* Rather, he had identified both the suit and the retaliatory act, providing the defendant with adequate notice of his claims thereby satisfying the pleading requirements of Rule 8(a)(2). *See id.*

In *Higgs,* we rejected a district court's insistence on the allegation of a "chronology of events" because that requirement, as understood and applied by the district court in that case, was at odds with the "plain statement" standard of pleading required by the rules. Indeed, in many, perhaps most, cases, requiring the pleading of a chronology of events will be at odds with the liberal notice pleading requirements of Rule 8(a)(2). Plaintiffs, including prisoners, need not articulate detailed facts in order to state a claim for retaliation. A litany of particularized facts might be appropriate if the purpose of the complaint were to establish the plausibility of the plaintiff's allegations. But, as my colleagues note, the complaint is simply not designed to perform that function.

Having stated my agreement with the general proposition expressed in today's opinion, I must also note that it would be an overstatement to assert that the pleading of a chronology of facts is, in all cases, symptomatic of adherence to a heightened pleading standard. As some of our cases make clear,[3] this formulation is not always

2. Indeed, courts often reference Form 9 of the Federal Rules of Civil Procedure Forms as an exemplar of the notice pleading requirements. *See, e.g., Swierkiewicz,* 122 S.Ct. at 998 n. 4. Form 9, which sets forth a claim for negligence, states: "On June 1, 1936, in a public highway called Boylston Street in Boston, Massachusetts, defendant negligently drove a motor vehicle against plaintiff who was then crossing said highway." This short statement suffices under Rule 8(a)(2).

3. In *Black v. Lane,* 22 F.3d 1395 (7th Cir. 1994), we emphasized, in the context of a retaliation claim, that "a heightened pleading rule does not apply to § 1983 claims" and that the prisoner's complaint need only con-

form "with the liberal system of notice pleading" set forth in Rule 8. *Id.* at 1399. By alleging the acts of harassment and beatings he allegedly had suffered, the plaintiff had fulfilled his obligation of notice. In *Zimmerman v. Tribble,* 226 F.3d 568 (7th Cir.2000), the court reversed the dismissal of Zimmerman's complaint for retaliation because the plaintiff, by alleging a short chronology of the events constituting the alleged retaliation had not merely asserted a "legal conclusion of retaliation." *Id.* at 573. Rather, the plaintiff stated sufficient facts—the simple allegation that he had been denied access to the library after he filed a grievance against a prison official—to survive dismissal. Indeed, the court noted that "[a]lthough we would wish

an attempt to impose a heightened pleading requirement. Rather, a chronology of events formulation simply can serve as a shorthand for the proposition that, to provide a defendant and the court with adequate notice of the nature of the pending claims, a prisoner must allege more than the simple legal conclusion of retaliation. Indeed, a chronology of events is often the most expeditious way for a plaintiff to provide a defendant with adequate notice of the nature of the plaintiff's claims. As *Higgs* implicitly recognized, a plaintiff alleging retaliation must reference, at a minimum, the suit or grievance spawning the retaliation and the acts constituting retaliatory conduct. *Higgs,* 286 F.3d 437, at 439. Absent these allegations, a defendant would not know how to respond to the complaint.

In short, in the context of a retaliation allegation, the obligation of adequate notice to the defendant is sometimes most easily accomplished by the statement of the essential events that constitute the retaliation. This situation arises especially when the alleged retaliation constitutes a series of acts, inconsequential in themselves, that in the aggregate constitute actionable retaliatory conduct.

for more detail, we find that the chronology alleges the bare minimum necessary." *Id.*