Tony WALKER, Plaintiff–Appellant,

v.

Daniel R. BERTRAND, et al.,
Defendants–Appellees.

No. 01–2888.

United States Court of Appeals,
Seventh Circuit.

Submitted March 19, 2002.*

Decided June 28, 2002.

Before WOOD, Jr., ROVNER and
EVANS, Circuit Judges.

### ORDER

Tony Walker sued Wisconsin prison officials under 42 U.S.C. § 1983, alleging that they conspired to retaliate against him both for filing a federal lawsuit against them and for filing grievances within the prison system. The district court dismissed the claims pursuant to 28 U.S.C. § 1915. We reverse.

Walker is imprisoned at the Green Bay Correctional Institution (GBCI) in Wisconsin. On September 6, 2000, he served defendants Daniel Bertrand (warden of GBCI) and Wendy Bruns (an inmate complaint examiner at GBCI) with a complaint alleging that they were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. The district court ultimately granted summary judgment to the defendants, and we recently affirmed that judgment on appeal. *Walker v. Bertrand*, No. 01–2895 (7th Cir. Feb. 27, 2002) (unpublished order).

On October 27, 2000, Walker was moved from a cell hall that he described as "peaceful" and "quiet" to one that was "very noisy." Three days later Walker wrote a letter to Bertrand, complaining

* This court granted the appellees' motions for noninvolvement, and accordingly this appeal has been submitted without the filing of a brief by the appellees. After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

that the loud noise in the new cell hall was giving him migraine headaches. Walker asked to be moved back to his previous cell hall. Bertrand responded the next day to Walker's grievance, explaining that "housing assignments are decided by security." Walker replied in a second letter, stating that "you said 'housing assignments are decided on by security.' Well why else did I write to you? You're the chief security officer of this gay ass institution...Now you're right, you do make housing assignments and you've been informed of this problem. So either cure this foul condition by moving me back to the North [cell hall] away from these loud ass young punks or leave me here."

Walker alleges that Bertrand read this second letter, did not like its contents, and then forwarded it for disciplinary action to defendant Patrick Brant, a security captain. According to Walker, Bertrand sent the letter to Brant even though Bertrand knew that the Wisconsin Administrative Code prohibits punishment for filing grievances. Wis. Admin. Code § DOC 303.16(6) ("The department may not subject an inmate to reprisal for using or participating in the ICRS [Inmate Complaint Review System].") On November 13 Brant issued Walker a conduct report, charging that the second letter's contents violated § 303.16 (abusive language) and § 303.25 (making threats). The following day defendant Peter Ericksen, security director at GBCI, reviewed the conduct report and approved it for processing and disciplinary action.

On November 27 a disciplinary hearing was held on the charges. Walker argued at the hearing that he could not be punished for the contents of his grievance and that he previously had used similar language in grievances without being punished. Defendant Dennis Natzke, a security captain, presided over the hearing and

found that Walker's letter violated §§ DOC 303.16 and 303.25. Natzke sentenced Walker to five days of adjustment segregation and 180 days of program segregation. Walker appealed to Bertrand, arguing that Wisconsin prison regulations prohibited him from being punished for the grievance and that the disciplinary action amounted to retaliation. Bertrand affirmed the convictions.

On November 28, 2000, Walker filed a new administrative complaint stating that his segregation sentence was retaliation for filing a grievance. The next day Bruns, the complaint examiner, rejected his complaint as being a disciplinary matter beyond the scope of the inmate complaint process. Walker appealed, but defendant Cindy O'Donnell, a deputy secretary of the Wisconsin Department of Corrections, accepted the recommendation of defendant John Ray, another corrections complaint examiner, and dismissed the appeal.

Walker then filed this complaint in the district court, alleging that the defendants had conspired to retaliate against him for exercising his First Amendment rights by filing a grievance and by filing his earlier Eighth Amendment lawsuit. The district court dismissed the complaint for failure to state a claim. See 28 U.S.C. § 1915. The court found that Walker failed to state either a First Amendment or a retaliation claim. The court also assessed Walker a strike pursuant to 28 U.S.C. § 1915(g).

On appeal Walker argues that the district court erred by dismissing his claims of retaliation. He maintains that he was sentenced to segregation in retaliation for exercising his right to free speech. Walker seems to argue that the sentence he received in retaliation for exercising his free speech rights has chilled his ability to file lawsuits against prison officials and to file grievances within the prison system.

Prisoners have a First Amendment right to free speech, *see Zimmerman v. Tribble,* 226 F.3d 568, 573 (7th Cir.2000), although that right may be limited to serve legitimate penological interests. *See Ustrak v. Fairman,* 781 F.2d 573, 580 (7th Cir.1986). To establish a claim of retaliation for exercising free speech, an inmate must allege a chronology of events from which retaliation can be inferred and show that retaliation was a motivating factor for the defendants' conduct. *See Babcock v. White,* 102 F.3d 267, 275 (7th Cir.1996). There are no special pleading requirements for prisoners' civil rights cases, however, and "[a]ll that need be specified is the bare minimum facts necessary to put the defendant on notice of the claim so he can file an answer." *Higgs v. Carver,* 286 F.3d 437, 439 (7th Cir.2002).

Walker alleges that he was sentenced to segregation in retaliation for filing a grievance about his cell assignment. Because prison officials issued the conduct report shortly after Bertrand received Walker's second letter, Walker has adequately alleged a chronology from which retaliation could be inferred. He has alleged that retaliation motivated the defendants' conduct and described the retaliatory conduct. He has thus adequately stated a claim for retaliation. *See Walker v. Thompson,* 288 F.3d 1005, 1009 (7th Cir.2002); *Higgs,* 286 F.3d at 439.

Walker also adequately stated a claim that prison officials issued a conduct report and sentenced him to segregation in retaliation for filing his earlier Eighth Amendment lawsuit. As with his first claim, he has alleged that prison officials retaliated against him shortly after he engaged in a constitutionally protected act. Such a claim is sufficient to satisfy the liberal requirements of notice pleading. *See Walker,* 288 F.3d at 1009; *Higgs,* 286 F.3d at 439.

The judgment of the district court is REVERSED and REMANDED for further proceedings consistent with this order.