**Markus HUNTER, a/k/a Marvin Bryant, Plaintiff–Appellant,**

v.

**George C. WELBORN, Warden, et al., Defendants–Appellees.**

No. 02–2681.

United States Court of Appeals, Seventh Circuit.

Submitted Nov. 20, 2002.*

Decided Nov. 21, 2002.

---

* The defendants filed a motion for an order of non-involvement, which we granted. We thus consider only the appellant's brief. After an examination of the brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the brief and the record. *See* Fed. R.App. P. 34(a)(2).

Before COFFEY, EASTERBROOK, and MANION, Circuit Judges.

## ORDER

Illinois prisoner Markus Hunter brought this suit under 42 U.S.C. § 1983 against eleven Tamms Correctional Center ("Tamms") officials, alleging that they retaliated against him for filing grievances in violation of his constitutional rights by refusing to bring him his legal papers; destroying his property; failing to forward his legal mail; and thwarting his access to visitors, legal material, and legal assistance. During the initial screening of Hunter's complaint, the district court dismissed the suit under 28 U.S.C. § 1915A and assessed a strike against Hunter pursuant to 28 U.S.C. § 1915(g). Hunter now appeals, and we affirm in part, vacate in part, and remand the case for further proceedings.

As alleged in his complaint, Hunter returned to Tamms in September 2001 after spending time at Cook County Jail "on a writ." He then asked Correctional Officers Johnson and Johnstone to bring him some legal papers that he needed to meet a filing deadline. Although the officers told Hunter that they would bring the needed papers that night, they never did–in retaliation, Hunter alleged, for unspecified grievances that he had previously filed. When Hunter finally did get his papers, the officers and officer Jordan had destroyed Hunter's legal materials and cut up his pictures of his mother and Mayor Harold Washington.

Hunter also alleged that his grievances prompted the defendants to carry out a number of other retaliatory acts–deny visits, harass him unnecessarily, issue disciplinary tickets, and orchestrate a shakedown as an excuse to take his property and destroy his court documents and exhibits. Further, law librarians and prison staff took part in the retaliation by denying him access to legal material and legal help. Additionally, the warden allegedly stopped his state pay while he was at Cook County Jail. And finally, the mail room supervisor Carolyn Nix failed to forward legal mail to him while he was at Cook County Jail, and falsely informed him that there was no mail waiting for him upon his return to Tamms.

We review dismissals under § 1915A de novo and will affirm only when it appears beyond doubt that no set of facts supports the plaintiff's claim. *Wynn v. Southward,* 251 F.3d 588, 591–92 (7th Cir.2001) (per curiam). On appeal Hunter argues that he adequately stated a First Amendment retaliation claim by alleging that he was punished in various ways for filing grievances against prison officials. In his complaint Hunter attributed all the defendants' conduct to retaliation "for filing grievances and for pass [sic] incidents concerning these problem [sic] and others." The district court, however, construed Hunter's retaliation claim narrowly and analyzed his allegations under different legal theories, such as deprivation of property without due process; denial of right of access to the courts; denial of right to visitation; and interference with legal mail.

Although the district court properly noted that the defendants' alleged actions did not independently violate any constitution-

al guarantees, as part of a course of retaliatory conduct the actions could run afoul of what we must assume is Hunter's constitutionally protected right to file grievances without negative repercussions. *See Walker v. Thompson,* 288 F.3d 1005, 1009 (7th Cir.2002) (assuming right to file grievances may be protected by the First Amendment and the right of access to courts). Even constitutionally acceptable behavior is impermissible when the action is taken to retaliate for the exercise of a constitutionally protected right. *See, e.g., Zimmerman v. Tribble,* 226 F.3d 568, 573 (7th Cir.2000). In cursory fashion, the district court here dismissed Hunter's retaliation claim because it "fail[ed] to present a chronology of events from which retaliation [could] be inferred." But as we have recently pointed out, such a chronology is unnecessary (and indicative of a heightened pleading standard inapplicable to civil rights claims) as long as the complaint sufficiently notifies the defendants and the court of the nature of the claims. *See Higgs v. Carver,* 286 F.3d 437, 439 (7th Cir.2002); *Walker,* 288 F.3d at 1005.

■ Hunter's allegations of retaliatory conduct by prison officials satisfied the liberal pleading requirement. Hunter alleged that after he filed grievances against them, officers Johnson, Johnstone, and Jordan retaliated by withholding his legal documents and destroying exhibits and personal photographs. Consistent with allegations in his complaint, Hunter also explains on appeal that paralegal James Goodman took offense over grievances he filed against him by giving him incorrect information about filing a habeas corpus petition, failing to notify him about a court order he needed to answer, and charging him for work he had already paid for. *See Walker,* 288 F.3d at 1008 (appellant may allege any facts on appeal consistent with complaint that demonstrate the complaint

states a claim). Hunter further alleged that the remaining defendants participated in the ongoing retaliation by falsely telling his sister that her name was not on the visitor's list, denying him his state pay, preventing him from having his yearly interview, and otherwise unnecessarily harassing him.

At a minimum Hunter must apprise the defendants of what he did to provoke their alleged retaliation and how they retaliated. *See Higgs,* 286 F.3d at 439 (retaliation complaint must identify both retaliatory conduct *and* underlying act that prompted retaliation); *Walker,* 288 F.3d at 1012 ("a plaintiff alleging retaliation must reference, at a minimum, the suit or grievance spawning the retaliation and the acts constituting the retaliatory conduct.") (Ripple, J. concurring). We question whether Hunter has adequately identified the conduct that led to each of named defendants' alleged retaliatory acts. But we note that Hunter did identify the grievances he filed against Johnson, Johnstone, Jordan, and Goodman, and he does allege generally that the remaining defendants knew about the ongoing retaliation and participated in it. At this stage of the proceedings, these allegations are sufficient to state a First Amendment retaliation claim.

■ Hunter does not, however, state a claim against mail room supervisor Mrs. Nix for failing to forward his legal mail. The district court, construing Hunter's claims against Nix as a general denial of access to legal mail, dismissed them because he did not adequately allege Nix's personal involvement. Presumably in an attempt to present his claim against Nix as one for denial of access to the courts, Hunter explains for the first time on appeal that Nix's action caused the Illinois Court of Claims to dismiss a case he was pursuing there. *See Walters v. Edgar,* 163 F.3d 430, 434 (7th Cir.1998) (denial of ac-

cess to courts claim requires plaintiff to allege that the "blockage prevented him from litigating a nonfrivolous case."). But this claim falters because Hunter concedes in his brief on appeal that Nix's actions were merely "negligent," and that is insufficient to support either a denial of access to the courts or retaliation claim under § 1983. *See Harrell v. Cook,* 169 F.3d 428, 431–32 (7th Cir.1999); *Nance v. Vieregge,* 147 F.3d 589, 590 (7th Cir.1998); *see also Zimmerman,* 226 F.3d at 573. This claim was properly dismissed.

We therefore AFFIRM the judgment of the district court in part and VACATE it in part and REMAND the case for further proceedings.