Edwin **PEREZ**, **Plaintiff–Appellant,**

v.

Bonnie **SULLIVAN**, et al., **Defendants–Appellees.**

**No. 03–3188.**

United States Court of Appeals, Seventh Circuit.

Submitted June 3, 2004.*

Decided June 4, 2004.

---

* Defendants, who have not been served with process, have not participated in this appeal. After an examination of appellant's brief and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted for decision. See Fed. R.App. P. 34(a)(2).

Edwin Perez, Tamms, IL, pro se.

Before COFFEY, KANNE, and ROVNER, Circuit Judges.

## ORDER

Illinois inmate Edwin Perez sued prison staff and administrators under 42 U.S.C. § 1983, alleging that they violated the Eighth Amendment through their conditions of confinement and deliberate indifference to his medical needs, and that they retaliated against him for filing grievances. The district court screened the complaint under 28 U.S.C. § 1915A and dismissed it as frivolous for failing to state a claim. *See* § 1915A(b)(1). Perez appeals and we affirm in part.

Perez's complaint raised three claims. First, he alleged that several of the defendants subjected him to cruel and unusual punishment through their food preparation and handling. He alleged that he saw officers serving unsanitary food, that he was served spoiled milk which made him violently ill, and that the food served to him and other inmates contained objects such as rodent feces and a bloody band-aid.

Second, he alleged that medical personnel were deliberately indifferent to a seri-

ous injury he suffered when his finger got caught in a steel shower door, causing him great pain and significant bleeding. He alleged that he screamed for help, but the two guards who were with him merely laughed at him until his finger was extricated with the help of a tower guard twenty minutes later. A nurse came to Perez's cell an hour after the incident, but she refused to take him to the nurses' station for an examination, offering him only a band-aid instead. The next day, Perez alleged, Dr. Powers briefly looked at his finger, but refused to examine it fully, even though he told Perez that the finger had nerve damage. Not until almost two weeks later did Perez receive a full examination from Dr. Powers.

Third, Perez raised a claim of retaliation: he alleged that Officers Potocki and Sanford retaliated against him for filing a grievance complaining that Potocki served food with an ink-stained glove. Six days after filing his grievance, Perez alleged that he was warned by Potocki that he would learn to mind his own business. When Perez asked Sanford what Potocki meant, Sanford said, "you shouldn't be filing bullshit grievances." A short time later the officers escorted Perez to the shower, but quickly told him that his shower was over. When Perez reached to grab his towel, he caught his finger in the steel shower door. Perez alleged that Potocki wrote a false disciplinary report that day to cover up their verbal harassment, and filed another false report three days later regarding contraband in Perez's cell. Based on these reports, Perez was found guilty of insolence, disobeying a direct order, and violation of rules; he was punished with one month in segregation and a three-month reduction in credit-earning class.

The district court dismissed both of Perez's Eighth Amendment claims for failing to raise a constitutional issue. The court found that Perez's complaints regarding the food presented, at best, a claim of negligence. With regard to Perez's medical claim, the district court noted that Perez could not show deliberate indifference because it was apparent that he had received some medical treatment in a timely manner, even though he wanted more extensive treatment. The court also expressed doubt that a cut finger constituted a serious medical condition, even if painful. Finally, with regard to Perez's retaliation claim, the district court found that there was not a reasonable basis to infer a causal link between Perez's grievance and the disciplinary reports filed by Potocki.

On appeal Perez argues primarily that the district court improperly resolved issues of fact against him in dismissing his case for failure to state a claim. We review dismissals under § 1915A *de novo* and will affirm only when it appears beyond doubt that no set of facts consistent with the complaint could sustain the plaintiff's claims. *See Wynn v. Southward,* 251 F.3d 588, 591–92 (7th Cir.2001) (per curiam). Because Perez proceeded pro se in district court, we construe his complaint liberally, and subject it to less stringent scrutiny than complaints prepared by counsel. *See Gutierrez v. Peters,* 111 F.3d 1364, 1369 (7th Cir.1997). Nevertheless, Perez can plead himself out of court by alleging facts which show that he has no claim. *See id.* at 1374.

With regard to his food claim, Perez argues that the district court erred by ignoring the fact that his repeated grievances made the defendants aware of the pervasive conditions detailed in his complaint, but the defendants still failed to take measures to abate them. Perez also argues that the district court improperly viewed each of the incidents of poor food

handling in isolation, rather than as a long-standing pattern of conduct.

█ Eighth Amendment claims, including those regarding prison conditions, contain both an objective and a subjective component. Perez must first allege that the defendants' food handling and preparation denied him "the minimal civilized measure of life's necessities" consistent with contemporary standards. *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981). He must also allege that the defendants acted with a "sufficiently culpable state of mind;" that is, they must have been aware of and disregarded an excessive risk posed to Perez's health. *See Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Mere negligence does not violate the Eighth Amendment. *Davidson v. Cannon*, 474 U.S. 344, 347–48, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986).

Although ingesting food prepared as Perez alleged may pose a serious risk of harm, we agree with the district court that Perez's complaint and his attached documents show that the prison employees responsible for food handling and preparation were merely negligent and not deliberately indifferent to his health. For example, after Perez complained that he became very ill after ingesting spoiled milk, the dietary manager explained that they serve milk according to the date on the carton and that his receiving spoiled milk was an isolated incident. In response to another of Perez's grievances, the dietary manager explained that all people involved in food handling and production followed sanitary food preparation practices and wear gloves and hairnets. Perez's allegations thus fail to show that the defendants disregarded an excessive risk to his health.

As for his medical claim, Perez's arguments on appeal essentially restate the allegations of his complaint—namely, that the delay he experienced in receiving medical treatment was unreasonable because he did not receive a full examination until two weeks after his finger was injured. Perez also argues that Officers Potocki and Sanford were deliberately indifferent when they ignored his cries of pain and did not help extricate his finger from the shower door.

█ To show an Eighth Amendment violation based on the denial of medical treatment, Perez must allege that he had an objectively serious medical need, *see Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), and that the defendants were deliberately indifferent to that need, *Farmer*, 511 U.S. at 837, 114 S.Ct. 1970; *Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir.2002). To show a violation based on the delay in medical treatment, Perez must also allege that the delay worsened his condition. *See, e.g., Langston v. Peters*, 100 F.3d 1235, 1240–41 (7th Cir.1996).

We agree with the district court that the nurse and Dr. Powers were not deliberately indifferent to Perez's medical needs. Perez admitted in his complaint that the nurse briefly looked at his finger within an hour of the incident and that Dr. Powers briefly examined his finger the next day. Although Perez did not receive a full examination until almost two weeks later, he did not allege that his finger worsened during this time. And although Perez alleged that his finger initially bled significantly, nothing in the complaint or the attached documents shows that the injury was serious or required more immediate care. In light of the nature of the injury—described by the nurse as "a small flap of skin to knuckle of middle finger on his left hand with minimal bleeding," and by Dr. Powers as an approximately 1.5 centimeter abrasion—it appears that the treatment he

received was adequate. We also cannot fault the district court for not addressing Perez's claim that Potocki and Sanford were deliberately indifferent: although Perez's complaint stated that Potocki and Sanford refused to help extricate his finger, he did not suggest in the complaint that he wished to press a claim of medical deliberate indifference against the two officers. Because the complaint did not put the defendants or the court on notice of the claim, the district court did not err by not addressing it. *See* Fed.R.Civ.P. 8(a)(2); *see e.g., Pafford v. Herman,* 148 F.3d 658, 667 n. 6 (7th Cir.1998).

■ With regard to his retaliation claim, Perez argues that the district court erroneously found that there was not a reasonable basis to infer that Potocki and Sanford retaliated against Perez. So that a defendant can respond to a claim of retaliation, a plaintiff must refer, at a minimum, to the grievance leading to the retaliation and the acts constituting retaliatory conduct. *See Walker v. Thompson,* 288 F.3d 1005, 1011–12 (7th Cir.2002). Here, Perez identified the grievance that led to the retaliatory conduct—the grievance regarding Potocki's food handling—and he specified that Potocki and Sanford retaliated against him by verbally harassing him and by filing two false disciplinary reports against him. A causal link is not required at this stage; even so, one is provided by Perez's allegations regarding Potocki and Sanford's threats. Accordingly, we vacate and remand this claim for further proceedings.

The district court did not consider Perez's claim that Officers Britton and Watkins violated his due process rights when they found him guilty based on Potocki's

disciplinary reports; thus, that claim is also remanded for further proceedings.

AFFIRMED IN PART; VACATED and REMANDED IN PART.