NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 9, 2011[*]
Decided February 11, 2011

**Before**

JOHN L. COFFEY, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 10-2294

| | |
|---|---|
| MARY GRZANECKI, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of Illinois, |
| | Eastern Division. |
| *v.* | |
| | No. 10 C 736 |
| BRAVO CUCINA ITALIANA, et al., | |
| *Defendants-Appellees.* | James F. Holderman, |
| | *Chief Judge.* |

**O R D E R**

Mary Grzanecki appeals the dismissal with prejudice of an action she brought under the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-34, against her former employer, the restaurant Bravo Cucina Italiana. The district court concluded that Grzanecki's action was untimely because she alleged that she had received a right-to-sue

---

[*]The appellees were not served with process in the district court and are not participating in this appeal. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Accordingly, the appeal is submitted on the appellant's brief and the record. See FED. R. APP. P. 34(a)(2)(C).

letter from the Equal Employment Opportunity Commission more than 90 days before filing her complaint, and that she did not qualify for equitable tolling. We affirm.

Grzanecki alleged that Bravo hired her as a server in August 2008, when she was 49 years old, only to demote her soon thereafter to hostess and reduce her hours in order to accommodate the schedule of a 22-year-old coworker. When Grzanecki lodged a grievance with a human resources officer, the defendants allegedly retaliated by harassing her in unspecified ways and then firing her in December 2008.

According to her complaint, Grzanecki filed a charge against Bravo with the EEOC and then received a right-to-sue letter on October 31, 2009. The letter informed her that she had 90 days from receipt of the letter to file a lawsuit. See 29 U.S.C. § 626(e); 42 U.S.C. § 2000e-5(f)(1); *DeTata v. Rollprint Packaging Prods., Inc.*, —— F.3d ——, 2011 WL 93034, at *5 (7th Cir. Jan. 12, 2011). On February 2, 2010—94 days later— Grzanecki filed her complaint and an accompanying motion to proceed as a pauper. The district court screened the complaint under 28 U.S.C. § 1915(e)(2)(B) and denied Grzanecki leave to proceed *in forma pauperis* without prejudice; the court pointed out that her own allegations confirmed the suit's untimeliness, but permitted her to amend the complaint to add allegations that might warrant equitable tolling.

In an amended complaint, Grzanecki explained that she had tried to learn from the EEOC and the court's intake department whether the 90-day limit included holidays and weekends, but did not get an answer. Her confusion, she alleged, was compounded by distress at her mother's death and her loss of another job. Alternatively, she asserted that federal procedure deals in business days rather than calendar days, that various statutes guaranteed her a longer limitations period anyway, and that the period was tolled by the restaurant's ongoing, "larger program of discrimination."

The district court dismissed the complaint with prejudice, concluding that equitable tolling was unwarranted because neither the court nor any of the defendants had misled Grzanecki into filing late. Further, the court determined that none of the cited statutes bearing longer limitations periods applied to ADEA suits, and that no legal authority supported her contention that a defendant's ongoing discrimination against other employees tolls the period applicable to her.

On appeal Grzanecki devotes most of her brief to recounting the chronology of these proceedings, and she again asserts in general terms that she was entitled to pauper status and more than 90 calendar days to file the complaint. But equitable tolling is available only when the court or an opponent takes some action that lulls or misleads a plaintiff into filing late. *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984); *Prince v. Stewart*, 580 F.3d

571, 575 (7th Cir. 2009). As the district court concluded, the refusal of the EEOC and court to provide legal advice did not affirmatively mislead Grzanecki.

Further, the district court correctly determined that the Federal Rules of Civil Procedure, both before and after their 2009 amendment, required the inclusion of weekends and holidays in a 90-day period. Compare FED. R. CIV. P. 6(a)(1)(B) (2010) (including weekends and holidays in all periods unless otherwise specified), with *id.* 6(a)(2) (2008) (amended Dec. 2009) (weekends and holidays included in periods longer than 11 days). The court's Local Rules do not provide otherwise.

Equally unavailing is Grzanecki's argument that some limitations period other than 90 days applied. As the district court recognized, the statutes she cites, such as 28 U.S.C. § 1658, have nothing to do with the ADEA. Nor has she pointed to any legal authority to support her contention that a plaintiff may ignore the 90-day limit when a defendant continues to discriminate against other employees.

Finally, although we acknowledge that dismissing an action as untimely at the pleading stage is unusual, we have held that a district court may so proceed under Rule 12(b)(6) if the plaintiff pleads herself out of court by making allegations that conclusively establish the action's untimeliness. *Cancer Found., Inc., v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 674-75 (7th Cir. 2009); *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005); *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002). We see no reason to treat dismissal under § 1915(e)(2)(B) any differently. The district court exercised adequate care by inviting Grzanecki to add allegations in support of equitable tolling, and the dismissal of her amended complaint was proper.

AFFIRMED.