**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1033
_____

FUQUAN TYRONE ELLISON,

Appellant

v.

OLIVIA SMITH, Assistant Deputy Public Defender; JOHN J. MCMAHON, Chief Trial
Attorney, Essex County Office of Public Defender of New Jersey; MICHAEL
MARUCCI, Deputy Public Defender; YVONNE SMITH SEGARS, Public Defender of
the State of New Jersey; JOHN/JANE DOES 1-5
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-18-cv-16200)
District Judge: Honorable Jose L. Linares
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 9, 2019
Before: CHAGARES, BIBAS, and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Opinion filed October 3, 2019)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Fuquan Tyrone Ellison appeals the District Court's sua sponte dismissal of his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).  For the following reasons, we will affirm the District Court's judgment.

Ellison filed his complaint and a motion to proceed in forma pauperis (IFP) with the District Court on November 15, 2018.  Ellison brought suit pursuant to 42 U.S.C. § 1983, alleging that various New Jersey state public defenders violated his constitutional rights while he was going through criminal proceedings in 2010.  Specifically, Ellison alleged that his public defender, Olivia Smith, failed to inform him that a guilty plea to the offenses he had been charged with at the time could result in eventual civil commitment under New Jersey's Sexually Violent Predator Act.  He further alleged that he pleaded guilty because of Smith's faulty advice and that he was eventually committed upon his release from prison.  As to the other Defendants, Ellison generally alleged supervisor liability.  According to Ellison, his conviction was overturned in 2015 due to Smith's ineffectiveness.  Ellison now seeks monetary compensation for that ineffectiveness.

The District Court granted Ellison's IFP motion, but dismissed the action with prejudice under § 1915(e)(2)(B) after determining that all Defendants were absolutely immune from liability.  Ellison timely appealed.

We have jurisdiction under 28 U.S.C. § 1291, and we review de novo the District Court's dismissal on immunity grounds. See Figueroa v. Blackburn, 208 F.3d 435, 439 (3d Cir. 2000). A District Court is authorized to dismiss a complaint sua sponte on the immunity grounds of § 1915(e)(2)(B)(iii) when it is clear on the face of the complaint that a party is immune from suit. See Walker v. Thompson, 288 F.3d 1005, 1010 (7th Cir. 2002).

"To state a § 1983 claim, a plaintiff must demonstrate the defendant, acting under color of state law, deprived him or her of a right secured by the Constitution or the laws of the United States." Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006). "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981). We have previously made clear that "public defenders and court-appointed counsel acting within the scope of their professional duties are absolutely immune from civil liability under § 1983." Black v. Bayer, 672 F.2d 309, 320 (3d Cir. 1982); abrogated on other grounds by D.R. v. Middle Bucks Area Vocational Tech. Sch., 972 F.2d 1364, 1368 n.7 (3d Cir. 1992).

The District Court correctly dismissed Ellison's § 1983 complaint. Here, all of Ellison's claims were aimed at the actions taken by Smith and her supervisors while they were performing their functions as public defenders for Ellison during his criminal

3

proceedings. Because the entirety of Ellison's suit is predicated on these activities, his complaint was properly dismissed. See id.; Dodson, 454 U.S. at 325.[1]

Furthermore, the District Court did not err in dismissing the complaint without providing Ellison with an opportunity to amend, because amendment would have been futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). For all of the foregoing reasons, we will affirm the District Court's judgment.

---

[1] In his brief on appeal, Ellison correctly asserts that public defenders who conspire with state officials to deprive a criminal defendant of federal constitutional rights are not absolutely immune from liability under § 1983. See Tower v. Glover, 467 U.S. 914, 916 (1984). Ellison's complaint, however, does not allege that any state officials conspired with the Defendants to deprive him of any constitutional rights.