ALD-005                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-2330
_____

CHIHEAN JONES,
Appellant

v.

UNITED STATES OF AMERICA; UNITED STATES DEPARTMENT OF JUSTICE;
UNKNOWN NAMED DEFENDANTS
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:25-cv-01650)
District Judge: Juan R. Sanchez
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 2, 2025
Before:  SHWARTZ, FREEMAN, and CHUNG, <u>Circuit Judges</u>

(Opinion filed October 9, 2025)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Chihean Jones, proceeding pro se and in forma pauperis, appeals the District Court's sua sponte dismissal of his complaint. We will summarily affirm the District Court's judgment as modified. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

Jones, who has been indicted on federal criminal charges,[1] brought a Bivens[2] action against the United States, the Department of Justice ("DOJ"), 12 unnamed federal agents, and "the Government's Attorney," for alleged constitutional violations arising from the grand jury proceedings. Dist. Ct. Dkt. No. 1 at 1. He alleged that the defendants conspired against him to bring false charges by "utilizing [t]he secrecy of the grand jury process." Id. He also alleged that the defendants violated the Sixth Amendment, as well as the Jury Selection and Service Act,[3] by excluding certain groups from the grand jury list, summoning a grand jury with too few members, failing to bring Jones out of custody for selection of the grand jury, not permitting Jones to inspect the master jury list, and "attempting to persuade and manipulate the judge into disregarding a . . . pro se filing under the pretenses of plagiarism[.]" Id. at 1–2. Jones also asserted that his indictment

_____

[1] Jones was charged in a second superseding indictment with (1) robbery which interferes with interstate commerce; (2) use of a firearm in furtherance of a crime of violence; and (3) murder in the course of using and carrying a firearm. See Second Superseding Indictment, USA v. Brown, et al., No. 2:23-cr-00215 (E.D. Pa. Jan. 18, 2024).

[2] See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 392 (1971); see also Vanderklok v. United States, 868 F.3d 189, 198 (3d Cir. 2017) ("[A]ctions brought directly under the Constitution against federal officials have become known as 'Bivens actions.'").

[3] See 28 U.S.C. § 1861 et seq.

was invalid because it did not have proper signatures, and he believed that there was no grand jury because the clerk did not sign the true bill upon return of the indictment. Jones sought damages and a jury trial.

The District Court screened the complaint under 28 U.S.C. § 1915(e)(2)(B) and determined that Jones failed to state a claim for relief. The District Court found that an amendment would be futile and dismissed the complaint with prejudice. Jones appealed.

We have jurisdiction under 28 U.S.C. § 1291. Our review of a sua sponte dismissal for failure to state a claim pursuant to § 1915(e)(2)(B), like that of a dismissal on a party's motion under Federal Rule of Civil Procedure 12(b)(6), is de novo. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We may affirm the District Court's judgment for any reason supported by the record, and we may summarily affirm the judgment if the appeal presents no substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

The District Court properly dismissed Jones's claims against the United States, the DOJ, and the federal agents in their official capacities. See 28 U.S.C. § 1915(e)(2)(B)(iii) (requiring dismissal if the court determines that the action "seeks monetary relief against a defendant who is immune from such relief"); Walker v. Thompson, 288 F.3d 1005, 1010 (7th Cir. 2002). Absent exceptions not applicable here, sovereign immunity precludes a court from exercising subject matter jurisdiction over monetary claims against the United States, federal agencies, or officials in their official capacities. See United States v. Mitchell, 445 U.S. 535, 538 (1980); Treasurer of N.J. v. U.S. Dep't of

3

Treasury, 684 F.3d 382, 395–96 (3d Cir. 2012); Consejo de Desarrollo Economico de Mexicali, A.C. v. United States, 482 F.3d 1157, 1173 (9th Cir. 2007); see also Marcella v. Brandywine Hosp., 47 F.3d 618, 621 (3d Cir. 1995) ("It is clear that the federal government itself is not subject to trial by jury unless it specifically consents."). But because a dismissal based on sovereign immunity should be without prejudice, we will affirm the District Court's judgment as modified to reflect that these claims are dismissed without prejudice. See Merritts v. Richards, 62 F.4th 764, 771–72 (3d Cir. 2023).

The District Court also properly dismissed Jones's claims against "the Government's attorney" and the unnamed federal agents. All of Jones's allegations arise from the handling of Jones's grand jury proceedings. Dist. Ct. Dkt. No. 1 at 1–2. Because the Government attorney's alleged acts were "intimately associated with the judicial phase of the criminal process," the attorney is immune from liability. See Roberts v. Lau, 90 F.4th 618, 624 (3d Cir. 2024) (quoting Imbler v. Pachtman, 424 U.S. 409, 430 (1976)); see also Schrob v. Catterson, 948 F.2d 1402, 1408–09 (3d Cir. 1991) (applying prosecutorial immunity to Bivens claims). Jones did not explain how any of the unnamed federal agents were involved in the violation of his rights during grand jury proceedings, and he therefore failed to state a civil rights claim against them. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs[.]"). And, even if Jones amended his complaint to explain the roles of the unnamed federal agents, Jones would not be entitled to relief under Bivens. See Egbert v. Boule, 596 U.S. 482, 490–91 (2022). His

4

constitutional claims arise out of new contexts not previously recognized by the Supreme Court, and if he is ultimately convicted, he can seek relief by appealing or collaterally attacking his conviction and sentence, which counsels against recognizing a new Bivens cause of action. See id. at 493 (citation omitted) (explaining that an alternative remedy need not provide "complete relief" or be as effective as a damages remedy to foreclose Bivens relief).

Finally, there is no indication that Jones could obtain monetary relief or a jury trial separate from his criminal proceedings under the Jury Selection and Service Act. See 28 U.S.C. § 1867(d) (providing that, on the defendant's properly filed motion, the court shall stay the criminal proceedings or dismiss the indictment if it determines that there has been a substantial failure to comply with the Act); id. § 1867(e) (emphasis added) ("The procedures prescribed by this section shall be the *exclusive* means by which a [party] may challenge any jury on the ground that such jury was not selected in conformity with the provisions of this title. Nothing in this section shall preclude any [party] from pursuing any *other* remedy, civil or criminal, which may be available for the vindication or enforcement of any law prohibiting discrimination . . . in the selection of persons for service on grand or petit juries.").

Thus, the District Court did not err by dismissing the complaint. Nor did it abuse its discretion by determining that an amendment would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108, 114 (3d Cir. 2002). We will summarily affirm the District Court's judgment as modified.

5