**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-2557
_____

JENIQUA BRADLEY,
                                        Appellant

v.

JUDGE KENNETH LENKER
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1:25-cv-00733)
District Judge: Honorable Yvette Kane
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 29, 2025
Before: HARDIMAN, FREEMAN, and ROTH, <u>Circuit Judges</u>

(Opinion filed: February 26, 2026)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Jeniqua Bradley appeals pro se from the District Court's dismissal of her complaint. We will affirm.

Bradley, proceeding in forma pauperis, filed a pro se civil-rights complaint against Judge Lenker, a Magisterial District Judge in Dauphin County, seeking damages under 42 U.S.C. § 1983. She then filed an amended complaint with leave of the District Court. Bradley alleged that Judge Lenker improperly entered default judgment against her in a civil action regarding a credit card balance.[1] According to Bradley, she was not served in the underlying action, and Judge Lenker unconstitutionally failed to consider her jurisdictional objections before entering default judgment.

The Magistrate Judge, screening the civil-rights complaint under 28 U.S.C. § 1915(e)(2)(B), recommended dismissing Bradley's amended complaint because Judge Lenker was entitled to judicial immunity. The District Court adopted the Magistrate Judge's report and recommendation, and it dismissed the amended complaint with prejudice, agreeing that further amendment would be futile. Bradley timely appealed.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's sua sponte dismissal of Bradley's complaint. See Dooley v. Wetzel, 957 F.3d 366, 373 (3d Cir. 2020).

---

[1] Bradley's exhibit attached to her amended complaint shows that Judge Lenker entered judgment against Bradley in the amount of $11,485.92 in the underlying action.

We agree with the District Court that judicial immunity barred Bradley's claims for relief. "[G]enerally, a judge is immune from a suit for money damages." Mireles v. Waco, 502 U.S. 9, 9 (1991) (per curiam). Judicial immunity applies equally to judges of limited jurisdiction. Figueroa v. Blackburn, 208 F.3d 435, 441–43 (3d Cir. 2000). While this immunity does not apply if the judge is sued for nonjudicial actions or actions "taken in the complete absence of all jurisdiction," Mireles, 502 U.S. at 11–12, neither exception applies here. Bradley's allegations concern Judge Lenker's entry of default judgment, which "is unquestionably a judicial act." Simmons v. Sacramento Cnty. Superior Ct., 318 F.3d 1156, 1161 (9th Cir. 2003). And Judge Lenker did not act in the clear absence of jurisdiction by entering the judgment. See 42 Pa. Cons. Stat. Ann. § 1515(a)(3)(i) (authorizing magisterial district judges to exercise jurisdiction over enumerated civil claims not exceeding $12,000). This remains true even if, as Bradley argues, the entry of default judgment was error.[2] See Stump v. Sparkman, 435 U.S. 349, 356 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority[.]").

Accordingly, the District Court properly dismissed Bradley's complaint. See 28 U.S.C. § 1915(e)(2)(B)(iii) (requiring dismissal if the court determines that the action "seeks monetary relief against a defendant who is immune from such relief"); Walker v. Thompson, 288 F.3d 1005, 1010 (7th Cir. 2002). And the District Court did not abuse its

---

[2] But we take no position on the merits of the underlying judgment.

discretion by determining that further leave to amend would have been futile. <u>See</u>

<u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 108, 114 (3d Cir. 2002). We will affirm.