**Nathaniel RUSSELL, Plaintiff–Appellant,**

v.

**Odie WASHINGTON, Director, Paul Barnett, Steve Newnum, et al., Defendants–Appellees.**

No. 01–3334.

United States Court of Appeals, Seventh Circuit.

Submitted Nov. 27, 2002.*

Decided Dec. 10, 2002.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before RIPPLE, KANNE, and ROVNER, Circuit Judges.

ORDER

Inmate Nathaniel Russell claims that he was improperly transferred to another prison and otherwise disciplined without due process and in retaliation for reporting misconduct by prison employees. He filed a complaint against numerous prison officials and employees, alleging constitutional violations under 42 U.S.C. § 1983, but the district court dismissed his complaint. He filed a timely appeal and we affirm the district court's judgment in part and remand in part.

Mr. Russell worked as a clerk for Danville Correctional Industries while imprisoned at the Danville Correctional Center ("DCC"). According to his complaint, he got into an argument one day with his supervisor, DCC employee Janice Loftus, during which Loftus "lost her composure and began talking to the plaintiff in a loud manner." As a result of the argument, Mr. Russell quit his prison job and reported Loftus' behavior to prison officers Jeff Bushue and Steve Newnum. Mr. Russell alleges that his resignation and subsequent discussion with officers Bushue and Newnum infuriated Loftus, who retaliated by

filing a false disciplinary report that accused Mr. Russell of threatening and intimidating her.

Mr. Russell alleges that Loftus then had him placed in segregation for two days, and got officers Bushue and Newnum to agree to lie to the prison's disciplinary board, the Adjustment Committee ("Committee"), so that it would recommend that he be disciplined for the alleged confrontation. The Committee—consisting of defendants Audrey Guymon and Bonita Orington—determined that Mr. Russell had committed the acts alleged by Loftus, and recommended that the warden revoke one year of good time credit, demote him to C grade status for one year, confine him to two days' segregation (which he had already served), and transfer him to another prison. DCC warden Paul Barnett reduced the recommended punishment to only a one-year demotion to C grade status.

Although Barnett set aside the Committee's recommendation that Mr. Russell be transferred, Mr. Russell's name appeared the following month on a list of inmates scheduled to be transferred out of DCC. Barnett struck Mr. Russell's name from that list, but Mr. Russell's name appeared on a later list and he was eventually transferred. He alleges that he was transferred in retaliation for filing a grievance with Illinois Department of Corrections director Odie Washington in which he reported Loftus's alleged misconduct, and in retaliation for filing a complaint in state court seeking to stop his transfer.

After he was transferred, Mr. Russell filed a complaint in the district court under 42 U.S.C. § 1983, seeking damages for violations of his right to due process and for retaliation in violation of his First Amendment right to file a grievance and a lawsuit. The district court dismissed his complaint on the authority of *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364,

129 L.Ed.2d 383 (1994), and *Edwards v. Balisok*, 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997), because Mr. Russell had not gotten his disciplinary charges set aside before seeking relief under § 1983.

■ Mr. Russell argues on appeal that the district court erroneously dismissed his complaint because *Heck* and *Edwards* apply only to § 1983 claims that challenge the fact or duration of an inmate's sentence. We agree that *Heck* and *Edwards* are inapplicable. In *Heck* and *Edwards*, the Supreme Court held that a state prisoner seeking § 1983 damages stemming from a prison disciplinary proceeding must first demonstrate that the disciplinary charges have been set aside. *Heck*, 512 U.S. at 487, 114 S.Ct. 2364; *Edwards*, 520 U.S. at 648, 117 S.Ct. 1584. But as we noted in *DeWalt v. Carter*, 224 F.3d 607, 617 (7th Cir.2000), *Heck* and *Edwards* apply only if the discipline affected the fact or duration of the prisoner's sentence. The demotion to C grade status (the only discipline not set aside by warden Barnett) did not affect the fact or duration of Mr. Russell's sentence, and so *Heck* and *Edwards* do not apply.

Our analysis of Mr. Russell's appeal does not end here, however, because we may affirm the district court's dismissal of his complaint on any basis in the record. *Edwards v. Ill. Bd. of Admissions to the Bar*, 261 F.3d 723, 729 (7th Cir.2001). We therefore proceed to determine whether Mr. Russell's allegations state a claim entitling him to relief.

Mr. Russell's complaint raised both due process claims as well as First Amendment retaliation claims. Regarding the former, Mr. Russell alleges that the defendants violated his Fourteenth Amendment right to due process when (1) Loftus filed a false disciplinary report against him; (2) officers Bushue and Newnum conspired with Loftus to give false statements to the

Committee; (3) the Committee's members–Guymon and Orington–discriminated against him and did not call his witnesses before finding him guilty; and (4) the remaining defendants–warden Barnett; Department of Corrections director Washington; David Brubaker, a Department of Corrections investigator who interviewed Mr. Russell in response to his grievance; and Administrative Review Board chairperson Philip Tinsley, who denied his administrative appeal–failed to overturn the Committee's finding.

■ An inmate is entitled to due process before being deprived of a constitutionally protected liberty interest. *Piggie v. McBride,* 277 F.3d 922, 924 (7th Cir. 2002). But the conduct about which Mr. Russell complains—his demotion to C grade status, his two-day stay in segregation, and his transfer to another prison—did not infringe any constitutionally protected liberty interest. *Zimmerman v. Tribble,* 226 F.3d 568, 572 (7th Cir.2000) (segregation and transfers); *Thomas v. Ramos,* 130 F.3d 754, 762 n. 8 (7th Cir. 1997) (demotion to C grade status). Because Mr. Russell was not deprived of a protectable liberty interest, his due process claims against all of the defendants were properly dismissed, though for grounds different than that relied upon by the district court.

■ In addition to his due process claims, Mr. Russell also raised a First Amendment retaliation claim. Mr. Russell alleges that defendants Loftus and Barnett retaliated against him for exercising his right to file a grievance and a lawsuit. Mr. Russell alleges that Loftus filed a false disciplinary report and placed him in segregation in retaliation for the complaints he made about her to officers Bushue and Newnum. Although Loftus asked the district court to dismiss Mr. Russell's retaliation claim against her because he failed to allege a "chronology of events," she aban-

dons the argument on appeal and concedes that Mr. Russell has stated a claim of retaliation. We agree that Mr. Russell has stated a claim. In *Walker v. Thompson,* 288 F.3d 1005 (7th Cir.2002), we held that "there is no requirement in federal suits of pleading the facts or the elements" of a civil rights claim, *id.* at 1007, and that "insistence on the allegations of a 'chronology of events' in retaliation claims is "at odds with the 'plain statement' standard of pleading required by" Federal Rule of Civil Procedure 8(a)(2), *id.* at 1011 (Ripple, J. concurring). A prison official may not retaliate against an inmate for filing a grievance, *id.* at 1009; because Mr. Russell sufficiently alleged that Loftus retaliated against him for filing a grievance, his retaliation claim against her should not have been dismissed.

■ Mr. Russell also claims that Barnett retaliated against him by transferring him to another prison after he filed a grievance complaining about Loftus's allegedly false disciplinary report, and after he filed suit in state court to enjoin a plan to transfer him to another prison on January 21, 1998. Barnett argues that this claim should be dismissed because no inference of retaliation can be gleaned from the chronology of events Mr. Russell alleged. According to the complaint, on January 15, Mr. Russell discovered his name on a list of inmates scheduled to be transferred, and immediately filed a grievance and a lawsuit. A few days later, Barnett took Mr. Russell's name off the list, but according to the complaint Barnett did not yet know about the grievance and lawsuit. After learning about the grievance and lawsuit sometime during the week of January 26, Mr. Russell alleges, Barnett put his name back on the list and transferred him in February. Construing Barnett's allegations in the light most favorable to him (as we must do in reviewing the dismissal of his complaint), we cannot say that he will be unable to prove any set

of facts entitling him to relief and so this count should not have been dismissed. *Cleveland*, 297 F.3d at 571.

For the reasons stated above, we AFFIRM the district court's dismissal of Mr. Russell's due process claims against all of the defendants, REVERSE its dismissal of Mr. Russell's retaliation claims against Loftus and Barnett, and REMAND for further proceedings consistent with this order. Because we have partially reversed the district court's judgment, Mr. Russell has not incurred a strike for filing a frivolous complaint, 28 U.S.C. § 1915(g).