**Ferris Gangs WALKER,**
**Plaintiff–Appellant,**

v.

**Thomas F. PAGE, et al., Defendants–**
**Appellees.**

No. 02–2324.

United States Court of Appeals,
Seventh Circuit.

Submitted April 28, 2003.*

Decided April 28, 2003.

Before FAIRCHILD, BAUER, and KANNE, Circuit Judges.

### ORDER

Ferris Walker alleges that guards at the Menard Correctional Center (where he was incarcerated at the time) ransacked his cell, confiscated a letter to his attorney, and struck him in the back, all in retaliation for filing lawsuits and grievances about the alleged misconduct of other officers. He sued numerous officers and supervisors under 42 U.S.C. § 1983, alleging violations of various constitutional rights as well as retaliation for exercising his First Amendment right to redress grievances. The district court dismissed his complaint and Walker appealed. We affirm in part, vacate in part, and remand.

▮ Walker alleges that in January 1998, five officials–Sergeant Leifer, Sergeant Walker and corrections officers Hicks, Kimler, and Liver–conducted a "shakedown" of his cell in retaliation for grievances and lawsuits he had filed as well as for complaints he had made to

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

another officer just days earlier about being denied his weekly shower. During the shakedown, the defendants allegedly gathered his personal belongings into the middle of his cell, and then doused them with lotion, soft drinks, and other items he had purchased at the prison's commissary. He also says that Sgt. Leifer confiscated a letter to his attorney, and that the officers accused him of being a "baby raper" in voices loud enough to be heard by other inmates (Walker says that a "baby raper" is considered by inmates to be the lowest form of criminal and the designation itself put him at risk of attack by others). Later during the shakedown, officer Kimler allegedly kneed Walker in the back, making him "fall face first into the cell." Walker's grievance complained about the officers' destruction of his belongings and their "baby raper" appellation during the shakedown; the grievance did not mention the incident of being kneed in the back. The prison denied the grievance.

A short time later, Walker alleges, his cellmate at the time attacked him in the middle of the night and threatened to kill him because he had heard about officers calling him a "baby raper." Walker says that after his cellmate's attack and threat on his life he asked to be placed into protective custody but was refused by then-warden Thomas F. Page. The record contains no grievance by Walker about this incident.

Walker's *pro se* complaint contained a lengthy account of the defendants' shakedown and refusal to place him into protective custody. But Walker did not use numbered paragraphs as required by Federal Rule of Civil Procedure 10(a), and so the district court grouped his claims into nine separate counts. Of these nine counts, Walker's appeal involves only the following three:

Count Two: Officer Kimler's use of excessive force in violation of the Eighth Amendment when he kneed Walker;

Count Four: The destruction of Walker's belongings by five defendants–Sgt. Leifer, Sgt. Walker, and officers Hicks, Kimler and Liver–without due process in violation of the Fourteenth Amendment;

Count Nine: Warden Page's deliberate indifference to Walker's safety in violation of the Eighth Amendment in denying his request to be placed in protective custody after being attacked by his cellmate in response to other officers calling him a "baby raper."[1]

The district court then screened Walker's complaint under 28 U.S.C. § 1915A and dismissed most of the counts, including count four–Walker's due process claim–because such a claim must first be made in the Illinois Court of Claims.

The district judge permitted Walker to proceed on his two Eighth Amendment claims–counts two and nine–when it screened Walker's complaint under § 1915A. But after further proceedings, the judge later adopted a magistrate judge's recommendation that the counts be dismissed based upon Walker's failure to exhaust his administrative remedies. The

---

1. The other counts included allegations that officers wrote false disciplinary reports against Walker, kicked him and threatened him during a second shakedown, eavesdropped on a telephone conversation with his attorney, refused to give him lunch one day, wrongly classified him as a high escape risk, and stole nude pictures of his wife. Walker develops no argument about these other allegations, however, and has therefore waived any claim based upon them. *United States v. Bitterman*, 320 F.3d 723, 727 n. 1 (7th Cir. 2003).

magistrate judge had recommended dismissal in response to a motion filed by warden Page and a corrections officer in which they argued that Walker failed to exhaust his administrative remedies because he had failed to file any grievance about officer Kimler striking him or warden Page refusing to place him in protective custody.

Walker's arguments on appeal are not clear, but he seems to argue that the district court failed to recognize two of his claims (one claim of retaliation and one claim based upon Sgt. Leifer's confiscation of the letter to his attorney), and that it erroneously dismissed his two Eighth Amendment claims.

First we discuss Walker's argument that the district court failed to address his claim of retaliation based upon the shakedown of his cell by five of the defendants. In his complaint, in fact, Walker did allege that the defendants "[shook] my cell down in retaliation of my complaining about [Sgt. Walker's] unprofessional misconduct in denying me a shower ... also in retaliation of my filing law suits and grievances." Indeed, the district court construed Walker's allegations concerning the shakedown only as an Eighth Amendment excessive force claim (Kimler's kneeing him in the back) and a Fourteenth Amendment due process claim (the officers' destruction of Walker's property); it never considered whether those allegations also supported a claim of retaliation.

A plaintiff states a claim of retaliation by alleging that the defendants committed an "act taken in retaliation for the exercise of a constitutionally protected right." *Abrams v. Walker,* 307 F.3d 650, 654 (7th Cir.2002); *see also Zimmerman v. Tribble,* 226 F.3d 568, 573 (7th Cir.2000). Inmates are entitled under the First Amendment to file grievances and lawsuits, and officers may not retaliate against them for exercis-

ing that right. *Walker v. Thompson,* 288 F.3d 1005, 1008–09 (7th Cir.2002). Walker's allegations about his cell being shaken down "in retaliation of my complaining" about being denied a shower and "my filing law suits and grievances" are sufficient to state a claim of retaliation, and should not have been dismissed.

■ Next, Walker seems to argue that the district court also failed to recognize his claim against Sgt. Leifer for violating his First·Amendment rights when Leifer confiscated a letter to his attorney. Walker alleged in his complaint that the officers who shook down his cell found a letter addressed to his attorney and then handed the letter to Sgt. Leifer, who "read it and confiscated the letter." (Walker develops no argument that the letter was a confidential communication with his attorney or that its alleged confiscation violated his Sixth Amendment right to ·counsel). Inmates have a First Amendment right to send mail, and a prison may restrict that right only if the restriction "furthers an important or substantial·government interest unrelated to the suppression of expression." *Thornburgh v. Abbott,* 490 U.S. 401, 415, 109 S.Ct. 1874, 104 L.Ed.2d 459 (1989) (citing *Procunier v. Martinez,* 416 U.S. 396, 408, 94 S.Ct. 1800, 40 L.Ed.2d 224 (1974)). Sgt. Leifer's alleged confiscation may or may not have furthered an important government interest, but at this stage of the proceedings, Walker need allege only the nature of the claim in order to satisfy the liberal requirements of notice pleading. *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 511–14, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). He has alleged that Sgt. Leifer prohibited him from sending a letter to his attorney by confiscating the letter, and this is sufficient to state a claim.

Finally, Walker argues that the district court should not have dismissed his excessive force and deliberate indifference

claims–counts two and nine–because he properly alleged violations of the Eighth Amendment. He fails, however, to address the magistrate judge's conclusion, adopted by the district judge, that he failed to exhaust his administrative remedies by grieving these alleged violations. Because his brief on appeal does not address the exhaustion issue, he has waived it. *United States v. Bitterman*, 320 F.3d 723, 727 n. 1 (7th Cir.2003).

For the preceding reasons, we AFFIRM the judgment of the district court except that we VACATE the dismissal of Walker's retaliation claim against defendants Sgt. Leifer, Sgt. Walker and officers Hicks, Kimler and Liver and his First Amendment claim against Sgt. Leifer, and REMAND for further proceedings.