**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-3182
_____

GREGORY IFESINACHI EZEANI,
Appellant

v.

JIMENEZ, DHS/ICE Arresting Officer; JANNELLE MALONEY, DHS/ICE Arresting Officer;
MARK RAMOTOWSKI, DHS/ICE Arresting Officer;
JOHN TSOUKARIS, DHS/ICE Field Office Director

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2:22-cv-05165)
District Judge: Honorable Brian R. Martinotti

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 2, 2023
Before: KRAUSE, PHIPPS, and SCIRICA, Circuit Judges

(Opinion filed: May 4, 2023)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Gregory Ifesinachi Ezeani filed a pro se civil rights complaint in the United States District Court for the District of New Jersey, raising claims stemming from his arrest by immigration officers and his subsequent 10-month detention. (ECF 1.) He named as defendants the officers who arrested him and a DHS/ICE field office director, suing them in their official capacities only. As relief, Ezeani sought $10 million and return of his passports. Ezeani also applied to proceed in forma pauperis (IFP). (ECF 1, at 7-8.)

The District Court denied the IFP application, explaining that Ezeani "name[d] defendants that are immune from suit." See Brown v. Sage, 941 F.3d 655, 660-61 (3d Cir. 2019) (en banc) (holding that "a court has the discretion to consider the merits of a case and evaluate an IFP application in either order or even simultaneously"). The District Court further ordered the clerk to close the case file, but explained that Ezeani "may, within 14 days from the date of this order, file an amended complaint and IFP application or, to reopen the case without further action from the Court, submit payment in the amount of $402." (ECF 3.) Ezeani appealed.[1] (ECF 4.)

In his brief, which we liberally construe, Ezeani challenges the District Court's conclusion that the defendants were immune from suit and its rejection of his request that the defendants return his "permanently confiscated" passports. Appellant's Br., 9-13. Immunity is an affirmative defense, but a District Court may dismiss a complaint sua sponte under 28 U.S.C. § 1915(e)(2)(B)(iii) when a party's immunity is clear on the face

_____

[1] We have jurisdiction pursuant to 28 U.S.C. § 1291. See Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d Cir. 1976) (per curiam); Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 n.5 (3d Cir 1992).

of the complaint.  See Walker v. Thompson, 288 F.3d 1005, 1010 (7th Cir. 2002).

Whether a defendant is entitled to immunity is a question of law that is reviewed de novo.

See Betts v. New Castle Youth Dev. Ctr., 621 F.3d 249, 252 (3d Cir. 2010).

Because Ezeani sued the defendants, all of whom are employees of DHS/ICE, only in their official capacities, sovereign immunity shields them to the extent that Ezeani sought monetary damages.  See Treasurer of N.J. v. U.S. Dep't of Treasury, 684 F.3d 382, 395 (3d Cir. 2012); see also Clark v. Libr. of Cong., 750 F.2d 89, 103 (D.C. Cir. 1984) (stating that "[s]overeign immunity … bar[s] suits for money damages against officials in their *official* capacity absent a specific waiver by the government").  But claims requesting injunctive relief from federal officials are not barred by sovereign immunity.  See Simmat v. U.S. Bureau of Prisons, 413 F.3d 1225, 1233 (10th Cir. 2005); cf. Armstrong v. Exceptional Child Ctr., Inc., 575 U.S. 320, 326-27 (2015) (stating that "we have long held that federal courts may in some circumstances grant injunctive relief against ... violations of federal law by federal officials").  In his complaint, Ezeani asserted that the defendants used "falsification of charges" to, among other things, seize his passports.  In addition to monetary relief, Ezeani sought "return of his international travelling passports."  Compl., 5.  Ezeani's request for the return of his allegedly unconstitutionally seized passports is not barred by sovereign immunity.  See United States v. 1461 W. 42nd St., Hialeah, Fla., 251 F.3d 1329, 1340 (11th Cir. 2001) (explaining that "claims for equitable relief, such as the return of property …, do not impinge upon sovereign immunity"); see also Malone v. Bowdoin, 369 U.S. 643, 647 (1962) (stating "that the action of a federal officer affecting property claimed by a

3

plaintiff can be made the basis of a suit for specific relief against the officer as an individual only if the officer's action is 'not within the officer's statutory powers or, if within those powers, only if the powers, or their exercise in the particular case, are constitutionally void'") (quoting Larson v. Domestic & Foreign Com. Corp., 337 U.S. 682, 702 (1949)). Therefore, because a portion of Ezeani's complaint did not "seek[] *monetary* relief from a defendant who is immune from such relief," § 1915(e)(2)(B)(iii) (emphasis added), the District Court's rejection of the entire action based on the defendants' immunity was improper.[2]

For the foregoing reasons, we will affirm in part, vacate in part, and remand for further proceedings consistent with this opinion.[3]

---

[2] We note that the District Court's denial of Ezeani's IFP application was not based on his economic eligibility. Sinwell v. Shapp, 536 F.2d 15, 19 (3d Cir. 1976). If necessary, that eligibility determination should be made by the District Court on remand.

[3] Ezeani's "Motion for Default Judgement under Rule 55 and Motion for Summary Judgement under Rule 56" is denied.